**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAM and TONY M., *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Class Action** |
| | ) | **Civil Action No. 1:07-cv-00241-L-LDA** |
| **DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island, *et al.*,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO FILE ITS RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY A CLASS AND APPOINTMENT OF COUNSEL**

Plaintiffs are a to-be-certified class of approximately 3,000 abused and neglected children for whom Defendants have assumed legal responsibility by taking them into custody and placing them in state-controlled foster care. As set forth in the Amended Complaint, Defendants' ongoing violation of Plaintiffs' constitutional and statutory rights continues to harm Plaintiffs and places them at risk of future harm.

Plaintiffs filed their Complaint and Motion for Class Certification and Appointment of Class Counsel ("Class Certification Motion") on June 28, 2007—three months ago. Defendants' responses to Plaintiffs' Complaint and Class Certification Motion were initially due a month ago, on August 27, 2007. At Defendants' request, Plaintiffs subsequently agreed to extend Defendants' time to respond twice, first to September 10, 2007, then to October 1, 2007. In total, Defendants have already received an extra 35 days. Defendants now seek still more time in which to respond to Plaintiffs' Motion for Class Certification and Appointment of Counsel. (Defs.' Mot. to Extend Time to File Its Resp. to Pls.' Mot. to Certify a Class and Appointment of

Counsel 1–2 ("Third Motion to Extend").) As of today, Defendants have already had three months to respond. Because Plaintiffs are currently suffering harm as a consequence of Defendants' ongoing violation of their federal rights, Plaintiffs oppose Defendants' request for additional time. For two reasons, Plaintiffs respectfully request that this Court deny Defendants' motion.

First, had Defendants not already received two extensions, a request for a week's extension might appear reasonable. But Defendants have had the Class Certification Motion for three months. That is more than enough time to have developed whatever opposing arguments they wish to make. Defendants assert that the "short" extension they seek "will not result in any prejudice to the Plaintiffs." (Third Motion to Extend 2.) Defendants' summary statement fails to take into account that this case is about ending ongoing harm and preventing future damage to the abused and neglected children in Defendants' custody, not about redressing past grievances. Thus, continued delays in the progress of this case have real-world consequences for Plaintiffs and are unjustly prejudicial.

Second, Defendants offer no persuasive reason for the additional delay that they seek. Defendants note that they will be filing a Motion to Dismiss the Amended Complaint and a supporting memorandum of law on October 1, 2007 (the filing date agreed upon by the Parties for all responsive papers), and then simply state that they want an additional extension "so that it [sic] may complete drafting its [sic] response to the Motion to Certify a Class." (Third Motion to Extend Time 1–2.) This is barely an explanation and it is certainly not a compelling reason for granting yet another extension of Defendants' already protracted time in which to respond to Plaintiffs' Class Certification Motion, especially in light of the urgent interests at stake in this case. The Federal Rules of Civil Procedure permit extensions "for cause shown." Fed. R. Civ. P.

6(b) (2007). Defendants have not shown cause why they require an extension, particularly after having already received multiple extensions.

For the above reasons, Plaintiffs oppose Defendants' motion for additional time to answer Plaintiffs' Class Certification Motion and respectfully request that this Court deny Defendants' motion.

Dated: September 27, 2007

Respectfully submitted,

/s/ Susan Lambiase

MARCIA ROBINSON LOWRY (Bar No. 1187053 (N.Y.); admitted *pro hac vice*)
SUSAN LAMBIASE (Bar No. 2099489 (N.Y.); admitted *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: mlowry@childrensrights.org

JAMETTA O. ALSTON (Bar No. 3909)
CHILD ADVOCATE OF
THE STATE OF RHODE ISLAND
John O. Pastore Center
57 Howard Avenue, Fourth Floor
Cranston, RI 02920
Phone: (401) 222-1690
Facsimile: (401) 222-6652
Email: jalston@doa.state.ri.us

JOHN W. DINEEN (Bar No. 2346)
305 South Main Street
Providence, RI 02903
Phone: (401) 223-2397
Facsimile: (401) 223-2399
Email: jwdineen1@yahoo.com

VERNON M. WINTERS (Bar No. 130128 (Cal.); admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA
Phone: (650) 802-3005
Facsimile: (650) 802-3100
Email: vernon.winters@weil.com

## CERTIFICATION

I hereby certify that on September 27, 2007, I electronically mailed the foregoing document to the attorney(s) of record listed below:

Brenda D. Baum, Esq.
Assistant Attorney General
Rhode Island Department of the Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

Kevin Aucoin, Esq.
DCYF Chief Legal Counsel
101 Friendship Street
Providence, RI 02903-3716
Tel: (401) 528-3570
Kevin.Aucoin@dcyf.ri.gov

/s/ Susan Lambiase
SUSAN LAMBIASE (Bar No. 2099489 (NY); admitted *pro hac vice*)
330 7th Avenue, 4th Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: slambiase@childrensrights.org