**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAM and TONY M., *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Class Action**<br>**Civil Action No. 1:07-cv-00241-L-LDA** |
| **DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island and Providence Plantations, *et al.*,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL ITS MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW AND EXHIBITS**

Defendants have moved this Court for leave to file their motion to dismiss and supporting memorandum of law and exhibits under seal. Plaintiffs oppose Defendants' request for leave to file these documents under seal because, contrary to Local Rules, Defendants did not file along with their motion the documents which are the subject of the motion. Defendants' failure to supply the documents in question is a fatal error because it prevents Plaintiffs and this Court from having the facts necessary to balance the asserted need for sealing against the public interest in an open judicial process. Furthermore, Defendants have not established a need to seal the documents at issue, and sealing these documents would be contrary to the public interest. For these reasons, Plaintiffs respectfully request that this Court deny Defendants' motion.

## I. Defendants' Motion Is Not Properly Before This Court

Defendants' motion is not properly before this Court because it was not properly filed. The Local Rules governing the filing of "Documents Containing Confidential Information," provide in pertinent part:

> (1) . . . If counsel or a party filing a document has a good faith basis for believing that a document should be sealed, the document shall be accompanied by a motion to seal, which explains why the document should be sealed.
>
> . . .
>
> (3) If only a portion of a document contains confidential information, the party or counsel requesting sealing shall file both an unredacted version of the document and a redacted version that excises the confidential information.
>
> (4) Unless otherwise ordered, the motion to seal shall not be filed electronically, but shall be filed by hand or by mail, together with the documents or materials which are the subject of the motion.

D.R.I. LR Gen 102(a)(1), (3), (4).

Defendants have not complied with Local Rule Gen 102(a). First, they did not file their motion together with the documents which are the subject of the motion, making it impossible for Plaintiffs to make an informed response to the motion and for the Court to make an informed ruling. Second, since only some facts contained in the upcoming memorandum of law and exhibits will contain confidential information, Defendants might well be able to redact the confidential information, rather than file the documents in their entirety under seal. To assess the viability of redaction, Defendants were required to provide both unredacted and redacted versions of the documents to which their motion applies. They have not done so.[1] For these reasons, Defendants' motion should be denied.

## II. Defendants Have Not Shown That Sealing the Documents at Issue Is Necessary

Because of Defendants' failure to provide the documents to which their motion applies, Plaintiffs are forced to respond in a vacuum. Certainly the motion itself does not demonstrate any need to seal the documents at issue. Defendants state that "facts contained in the

[1] Defendants have also violated the Local Rule by filing their motion electronically.

memorandum of law and supporting exhibits are specific to children in DCYF's custody pursuant to Family Court Orders and are confidential pursuant to R.I. Gen. Laws §§ 8-10-21, 5-37.3-1 *et seq*. and 42-72-8." (Defs.' Mot. for Leave to File Under Seal Its Mot. to Dismiss, Supporting Mem. of Law & Exs. 1.) Without more, the mere fact that some confidential documents are involved in this litigation is not enough to justify wholesale sealing of a substantive motion and accompanying legal memorandum and exhibits.[2]

In fact, Defendants do not provide any reason why their motion and memorandum of law cannot be drafted in such a way as to conceal the identities of the children to which the confidential documents refer. Plaintiffs accomplished this in their Amended Complaint through the use of pseudonyms. Defendants have not offered any reason why they cannot adopt the same technique in order to protect the identities of the children and other private individuals.

Defendants have also failed to explain why the confidential documents they intend to file as exhibits cannot be redacted in such a way as to assuage confidentiality and privacy concerns. Redaction is "time-tested" way to maintain the openness of judicial proceedings while also protecting confidentiality. *In re Providence Journal Co.*, 293 F.3d 1, 15 (1st Cir. 2002) ("the district court's refusal to consider redaction on a document-by-document basis is insupportable"). Defendants also do not ask simply that certain exhibits be sealed; instead, they ask that all their exhibits be sealed indiscriminately. Since Defendants have not stated that all the exhibits, or that all of the motion and memorandum at issue are confidential, it is unreasonable to presume that redaction or selective sealing is impossible. Because Defendants have made a wholly inadequate showing of the need for sealing their submission in its entirety, their motion should be denied.

---

[2] Plaintiffs fully appreciate the need to keep some child-specific information confidential. At the appropriate time, Plaintiffs will propose a confidentiality agreement to govern discovery.

**III. Wholesale Sealing of Defendants' Motion to Dismiss, Memorandum of Law, and Exhibits Is Not in the Public Interest**

The issues set forth in Plaintiffs' complaint are understandably of great public concern. The issues at stake have attracted considerable public attention, as demonstrated by the substantial media coverage, public statements by the Defendants, and legislative hearings that Rhode Island's child welfare crisis has already sparked. It would disserve the public interest to withhold Defendants' first official response to a lawsuit of this magnitude unless manifestly necessary in the interest of justice.

"Based on the idea that democratic values are best served by a transparent judicial system, the courts have long recognized 'a presumption that the public has a common-law right of access to judicial documents.'" *Bourne v. Madison*, No. 05-cv-365-JD, 2007 WL 1796239, *1 (D.N.H. June 19, 2007) (quoting *In re Providence Journal*, 293 F.3d at 9). This presumptive right of access encompasses "'materials on which a court relies in determining the litigants' substantive rights.'" *In re Providence Journal*, 293 F.3d at 9–10 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)). "This presumption is 'no mere paper tiger' and accumulates even more weight when the government . . . is accused of wrongdoing." *Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 404 (D. Me. 2001) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)).

Defendants have the burden of establishing a sound basis for sealing the documents at issue. *In re Providence Journal*, 293 F.3d at 10 ("'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access") (quoting *Standard Fin. Mgmt.*, 830 F.2d at 410). Far from meeting their burden, Defendants have not provided any substantive reasons why this presumption of public access

should not apply in the case of their motion to dismiss and accompanying documents. Therefore, this Court should deny Defendants' motion.[3]

Dated: September 28, 2007

Respectfully submitted,

/s/ Susan Lambiase____________________
MARCIA ROBINSON LOWRY (Bar No. 1187053 (N.Y.); admitted *pro hac vice*)
SUSAN LAMBIASE (Bar No. 2099489 (N.Y.); admitted *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: mlowry@childrensrights.org

JAMETTA O. ALSTON (Bar No. 3909)
CHILD ADVOCATE OF
THE STATE OF RHODE ISLAND
John O. Pastore Center
57 Howard Avenue, Fourth Floor
Cranston, RI 02920
Phone: (401) 222-1690
Facsimile: (401) 222-6652
Email: jalston@doa.state.ri.us

JOHN W. DINEEN (Bar No. 2346)
305 South Main Street
Providence, RI 02903
Phone: (401) 223-2397
Facsimile: (401) 223-2399
Email: jwdineen1@yahoo.com

[3] In addition, the wholesale sealing of the motion to dismiss and all accompanying documents will impose an unreasonable burden on Plaintiffs because, in responding to Defendants' Motion to Dismiss, Plaintiffs will have to refer to and possibly quote the very documents that Defendants seek to seal.

VERNON M. WINTERS (Bar No. 130128 (Cal.); admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA
Phone: (650) 802-3005
Facsimile: (650) 802-3100
Email: vernon.winters@weil.com

**CERTIFICATION**

I hereby certify that on September 28, 2007, I electronically mailed the foregoing document to the attorneys of record listed below:

Brenda D. Baum, Esq.
Assistant Attorney General
Rhode Island Department of the Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

Kevin Aucoin, Esq.
DCYF Chief Legal Counsel
101 Friendship Street
Providence, RI 02903-3716
Tel: (401) 528-3570
Kevin.Aucoin@dcyf.ri.gov

/s/ Susan Lambiase
SUSAN LAMBIASE (Bar No. 2099489 (NY); admitted *pro hac vice*)
330 7th Avenue, 4th Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: slambiase@childrensrights.org