**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAM and TONY M., by Next Friend Gregory C. Elliot; CEASER S., by Next Friend Kathleen J. Collins; DAVID T., by Next Friend Mary Melvin; BRIANA, ALEXIS, CLARE and DEANNE H., by Next Friend Gregory C. Elliott; and DANNY and MICHAEL B. , by Next Friend Gregory C. Elliott; for themselves and those similarly situated** | : | |
| **v.** | : | **C.A. No.: 07-241L** |
| **DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island; JANE HAYWARD, in her official capacity as Secretary of the Executive Office of Health & Human Services; and PATRICIA MARTINEZ, in her official capacity as Director of the Department of Children, Youth and Families** | : | |

**DEFENDANTS' MOTION FOR RECONSIDERATION TO FILE A REDACTED MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS AND PLACE ALL SUPPORTING EXHIBITS UNDER SEAL**

Now come the Defendants, and seek reconsideration of their Motion to Seal filed on October 1, 2007. The Defendants request that this Court permit it to file a redacted memorandum of law in support of its Motion to Dismiss and place under seal the confidential Family Court petitions, orders, decrees and court disposition forms pertaining to the named Plaintiff Children that have been produced in Exhibits A through E. The Exhibits, Family Court orders, petitions, decrees, etc., are from the Family Court files for Sam and Tony M., Ceasar S., David T., Briana, Alexis, Clare, and Deanna H. and Danny and Michael B. these Family Court Orders contain the Plaintiff children legal

names (pseudonyms are not used in the Family Court documents) and other identifying information. The Plaintiffs have no objection to the Exhibits being sealed and, in fact, join in this request. The Plaintiffs object to the redaction or sealing of any portion of the memorandum.

For the reasons set forth in the accompanying memorandum of law, the Defendants pray that this Court reconsider its October 12, 2007 Order denying their Motion to Seal. Wherefore, the Defendants pray that this Motion is granted.

Respectfully submitted

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ James R. Lee

JAMES R. LEE (4305)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2314
Fax: (401) 222-2995
jlee@riag.ri.gov

/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 15th day of October 2007 to the attorney(s) of record listed below:

**John William Dineen, Esq.**
jwdineen1@yahoo.com

**Jametta O. Alston, Esq.**
jalston@gw.doa.state.ri.us

**Susan Lambiase**
slambiase@childrensrights.org

**Vernon Winters**
vern.winters@weil.com

**Marcia Robinson Lowry**
mlowry@childrensrights.org

/s/ Brenda D. Baum

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAM and TONY M., by Next Friend Gregory C. Elliot; CEASER S., by Next Friend Kathleen J. Collins; DAVID T., by Next Friend Mary Melvin; BRIANA, ALEXIS, CLARE and DEANNE H., by Next Friend Gregory C. Elliott; and DANNY and MICHAEL B. , by Next Friend Gregory C. Elliott; for themselves and those similarly situated** | : | |
| **v.** | : | **C.A. No.: 07-241L** |
| **DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island; JANE HAYWARD, in her official capacity as Secretary of the Executive Office of Health & Human Services; and PATRICIA MARTINEZ, in her official capacity as Director of the Department of Children, Youth and Families** | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION TO FILE A REDACTED MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS AND PLACE ALL SUPPORTING EXHIBITS UNDER SEAL**

## I. INTRODUCTION

Now come the Defendants, and seek reconsideration of its Motion to Seal filed on October 1, 2007. The Defendants request that this Court permit it to file a redacted memorandum of law in support of its motion to Dismiss and place under seal the confidential Family Court petitions, orders, decrees and court disposition forms pertaining to the named Plaintiff Children that have been produced in Exhibits A through E. The Exhibits, Family Court orders, petitions, decrees, etc., are from the Family Court

files for Sam and Tony M., Ceasar S., David T., Briana, Alexis, Clare, and Deanna H. and Danny and Michael B. these Family Court Orders contain the Plaintiff children legal names (pseudonyms are not used in the Family Court documents) and other identifying information. The Plaintiffs have no objection to the Exhibits being sealed and, in fact, join in this request. The Plaintiffs object to the redaction or sealing of any portion of the memorandum.

The Honorable Court denied defendants' motion without explanation. Defendants can not directly respond to the grounds on which the denial was based but they surmise it was one of two grounds that they address in this Motion. First, although the Motion the Court denied was unopposed, it may have appeared to be opposed because plaintiffs' objected to the first Motion defendants filed.

Second, when parties come before this (or any) court it must be presumed that the matters they put in issue are public. Defendants have previously objected to the use of "Doe" and other fictitious names in Court filings and they agree that when a party willingly puts a matter in issue it should usually be open to the public. This case, however, presents a unique reason to seal the confidential records that may be in issue since as shown from defendants' memoranda in support of motion to dismiss and objection to the class certification, the "next friends" lack standing to put these matters in issue. As shown therein, some named minor plaintiffs were adopted. All of them that remain in DCYF custody have legally appointed guardians or are represented by CASA attorneys. None of these legally responsible people have filed or joined in this action.

On the contrary, again as shown in defendants' memoranda in support of their Motion to Dismiss and objection to the class certification, there is no evidence these

alleged "next friends" have (with one exception) even met the unnamed minors. None of the next friends has any legal status to reveal or even to see themselves the Family Court records that may now become public against the wishes of DCYF and without any input from the unnamed minors or any of their parents or legal guardians.

## II. FACTS

On September 26, 2007, Defendants filed electronically a motion to file certain documents under seal. (Document # 21). On September 28, 2007, Plaintiffs filed an objection citing procedural defects in Defendants' filing. (Document # 23). On October 1, 2007, Defendants filed a second motion to file under seal and complied with the requirements set forth in Local Rule 102 of the U.S. District Court for the District of Rhode Island. Defendants never objected to this Motion. On October 12, 2007 the Court entered an Order denying the October 1, 2007 Motion to Seal. (Document # 27).

## III. ARGUMENT

The Defendants filed a Motion to File Under Seal a portion of its memorandum of law in support of its motion to dismiss. The Defendants filed with the Court a redacted copy of the memorandum that obscured from view any reference to the substance of a Family Court order as it pertains the named Plaintiff Children. The Defendants also provided as supporting exhibits to these references the actual Family Court Orders. The Family Court Orders that have been provided as exhibits contain the Plaintiff Children's legal names (not pseudonyms), dates of birth, parents' names, addresses, guardians' names and addresses, etc.

The Defendants submit that the information it seeks to have sealed is confidential pursuant to R.I. Gen. Laws §§ 8-10-21, 5-37.3-1 *et seq*., 40-11-13 and 42-72-8. R.I. Gen. Laws §8-10-21 states, in pertinent part:

> The records of the family court shall be public records, except that records of hearings in matters set forth in §14-1-5, together with stenographic notes and transcripts of those hearings, shall not be available for public inspection unless the court shall otherwise order.

R.I. Gen. Laws §14-1-5 provides in pertinent part:

> The court shall, as set forth in this chapter, have exclusive original jurisdiction in proceedings:
>
> (1) Concerning any child residing or being within the state who is: (i) delinquent; (ii) wayward; (iii) dependent; (iv) neglected; or (v) mentally disabled, except that any person aged seventeen (17) years of age or older who is charged with a delinquent offense involving murder, first degree sexual assault, or assault with intent to commit murder shall not be subject to the jurisdiction of the family court if, after a hearing, the family court determines that probable cause exists to believe that the offense charged has been committed and that the person charged has committed the offense. The family court shall conduct a hearing within ten (10) days of the arraignment on the charge(s), unless the time for the hearing is extended by the court for good cause shown;
>
> (2) Concerning adoption of children;
>
> (3) To determine the paternity of any child alleged to have been born out of wedlock and to provide for the support and disposition of that child in case that child or its mother has residence within the state;
>
> (4) Relating to child marriages, as prescribed by §15-2-11; and
>
> (5) Referred to the court in accordance with the provisions of §14-1-28.

The ten (10) named Plaintiff Children are or were before the Rhode Island Family Court under findings of neglect or dependency as stated in R.I. Gen. Laws §14-1-5. The Family Court records offered as exhibits contain the Plaintiff children's legal names, dates of birth and other identifying information relating to their parents, guardians, etc.

Therefore, pursuant to R.I. Gen. Laws §8-10-21, the Family Court records pertaining to each of the ten named Plaintiff Children are not public and, therefore, should be placed under seal. The Plaintiffs have no objection to the exhibits being sealed and, in fact, join in this request.

The Defendants request this Court to file a redacted and seal the information contained in the memorandum of law that identify the Family Court documents submitted as exhibits and state the substance of the documents. Although the memorandum refers to the Plaintiffs by their pseudonyms, the Defendants submit that the information elicited from the Family Court documents is nevertheless not public and should be placed under seal and redacted in the public filing. The Plaintiffs object to this request to redact the memorandum as they contend that there is no individually identifiable information being revealed in it and the amount of text redacted was not necessary.

The Defendants also submit that any petitions filed by DCYF would be confidential pursuant to R.I. Gen. Laws §§ 40-11-13[1] and 42-72-8[2].

---

[1] R.I. Gen. Laws §40-11-13 entitled "Confidentiality of reports and records--Penalty for disclosure" provides, in pertinent part:
"(a) All records concerning reports of child abuse and neglect, including reports made to the department, shall be confidential except as specifically provided by this chapter or as specifically provided by § 42-72-8 or specifically authorized by the family court in furtherance of the purposes directly connected with this chapter."

[2] R.I. Gen. Laws §42-72-8 entitled "Confidentiality of Records", provides:
a) Any records of the department pertaining to children and their families in need of service pursuant to the provisions of this chapter; or for whom an application for services has been made, shall be confidential and only disclosed as provided by law.
(b) Records may be disclosed when necessary:
(1) To individuals, or public or private agencies engaged in medical, psychological or psychiatric diagnosis or treatment or education of the person under the supervision of the department;
(2) To individuals or public or private agencies for the purposes of temporary or permanent placement of the person, and when the director determines that the disclosure is needed to accomplish that placement including any and all health care information obtained by the department in accordance with the provisions of chapter 5-37.3 of the general laws and applicable federal laws and regulations;
(3) When the director determines that there is a risk of physical injury by the person to himself or herself or others, and that disclosure of the records is necessary to reduce that risk;

(4) To the family court including periodic reports regarding the care and treatment of children; provided, that if a child is represented by a guardian ad litem or attorney, a copy of the family court report will be made available to the guardian ad litem or attorney prior to its submission;
(5) To inform any person who made a report of child abuse or neglect pursuant to § 40-11-3, whether services have been provided the child as a result of the report; provided, however, that no facts or information shall be released pursuant to this subsection other than the fact that services have been or are being provided;
(6) To permit access to computer records relating to child abuse and neglect investigations by physicians who are examining a child when the physician believes that there is reasonable cause to suspect that a child may have been abused or neglected;
(7) To the office of the department of attorney general upon the request of the attorney general or assistant attorney general when the office is engaged in the investigation of or prosecution of criminal conduct by another relating to the child or other children within the same family unit;
(8) To the department of corrections in the case of an individual who has been transferred to the jurisdiction of that department pursuant to the provisions of § 14-1-7.3 "certification" or § 14-1-7.1 "waiver of jurisdiction"; and
(9) To the office of the department of the attorney general upon the request of the attorney general or assistant attorney general when the office is engaged in the investigation of or prosecution of criminal conduct as defined in §40-11-3.2.
(10) To individuals employed by a state or county child welfare agency outside of Rhode Island when the director determines that the information is needed to ensure the care, protection and/or treatment of any child; provided, however, any records relating to allegations previously determined to be unfounded, unsubstantiated, or not indicated shall not be disclosed.
(11) Whenever a person previously under the supervision of the training school becomes subject to the jurisdiction of the department of corrections as an adult offender, the director of corrections or his or her designee shall receive, upon request, the portions of the person's training school records limited to the escape history, disciplinary record, and juvenile classification history.
(12) In an administrative hearing held pursuant to § 42-35-9, the records or exact copies of the records shall be delivered to the administrative hearing officer pursuant to a written request by one of the parties, and shall be delivered to the party making the request or shall be reviewed in camera by the administrative hearing officer for purposes of making a determination of relevancy to the merits of the administrative matter pending before the hearing officer, as the hearing officer may direct. If the records or a portion are relevant to the matter, those records may be viewed and/or copied by counsel of record, at the expense of the party requesting the records. The records shall not be disseminated in any form beyond the parties, counsel of record and their agents, and any experts, except as otherwise specifically authorized by the hearing officer, and provided further that at the conclusion of the action, the records shall be sealed.
(13) In a criminal or civil action, the records or exact copies of the records shall be delivered to a court of proper jurisdiction pursuant to a subpoena duces tecum, properly issued by one of the parties, and shall be delivered to the party issuing the subpoena or shall be reviewed in camera by the trial justice for purposes of making a determination of relevancy to the merits of the civil or criminal action pending before the court, as the court may direct. If the records or a portion are relevant to the civil or criminal action, those records may be viewed and/or copied by counsel of record, at the expense of the party requesting the records. The court shall issue a protective order preventing dissemination of the records in any form beyond the parties, counsel of record and their agents, and any experts, except as otherwise specifically authorized by the court, and provided further that at the conclusion of the action, all records shall be sealed.
(c) The director may disclose the findings or other information about a case as the director deems necessary in a case of child abuse or neglect which has resulted in a child fatality or near fatality.
(d) If a public panel is convened or established by the department to evaluate the extent to which the department is discharging its child protection responsibilities, the panel or any of its members or staff shall not disclose identifying information about a specific child protection case nor make public any identifying information provided by the department except as may be authorized by law. Any person who violates this subsection shall be subject to civil sanctions as provided by law.
(e) If a public panel is convened or established by the department, this panel, in the course of its

For the foregoing reasons, the Defendants pray that this Court reconsider its October 12, 2007 Order denying their Motion to Seal. The Defendants further submit the Plaintiffs have no objection to the exhibits being sealed and, in fact, join in this request.

Wherefore, the Defendants pray that this Motion is granted.

Respectfully submitted

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ James R. Lee

JAMES R. LEE (4305)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2314
Fax: (401) 222-2995
jlee@riag.ri.gov

/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

---

evaluation, may review, but shall not investigate, any child fatality that is under the jurisdiction of the child advocate in accordance with the provisions of § 42-73-7(2).
(f) In the event records and information contained within DCYF records are shared with individuals or public or private agencies as specified in subsection (b) above, any such individual and/or public or private agency shall be advised that the shared information cannot be further disclosed, except as specifically provided for under applicable federal and/or state law and regulation. Any individual and/or public or private agency who violates this subsection shall be subject to civil sanctions as provided in chapter 37.3 of title 5, and any other federal or state law pertinent thereto.

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 15th day of October 2007 to the attorney(s) of record listed below:

**John William Dineen, Esq.**
jwdineen1@yahoo.com

**Jametta O. Alston, Esq.**
jalston@gw.doa.state.ri.us

**Susan Lambiase**
slambiase@childrensrights.org

**Vernon Winters**
vern.winters@weil.com

**Marcia Robinson Lowry**
mlowry@childrensrights.org

**/s/ Brenda D. Baum**