**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAM and TONY M., *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island., *et al.***<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Class Action**<br><br>**Civil Action No. 07-241-L-LDA** |

**DECLARATION OF JAMETTA O. ALSTON,**
**RHODE ISLAND CHILD ADVOCATE**
**PURSUANT TO 28 U.S.C. § 1746(2)**

I, JAMETTA O. ALSTON, do hereby declare under penalty of perjury that the foregoing is true and correct:

1. I am a member in good standing of the Rhode Island State Bar and I am admitted to practice in this Court. I represent Plaintiffs in this matter along with co-counsel Rhode Island attorney John Dineen, counsel at Children's Rights and counsel of the law firm of Weil, Gotshal & Manges.

2. I am the Child Advocate of Rhode Island. The Rhode Island Office of the Child Advocate is an independent state agency charged with protecting and vindicating the rights of children in Rhode Island state custody. *See* R.I. Gen. Laws §§ 42-73-1 *et seq.* (2006). I was appointed by the Rhode Island Governor. (*Id.*) I currently supervise a staff of 4.8 individuals, only one of whom is an attorney.

3. As the Child Advocate, I am statutorily mandated to "[t]ake all possible action including, but not limited to . . . formal legal action, to secure and ensure the legal, civil, and special rights of children" in foster care custody. R.I. Gen. Laws § 42-73-7. My mandatory statutory duties also include the periodic review of the policies and procedures of the Department for Children, Youth and Families (DCYF or "the Department"), the review of orders issued by the Family Court, and the investigation of circumstances relating to the death of any child who has received services from DCYF. *Id.* I am statutorily authorized to access DCYF and Family Court records pertaining to children. R.I. Gen. Laws §§ 42-73-8, 42-73-9.

4. In executing the duties of the Office of the Child Advocate, my staff and I have reviewed many hundreds of records of children in DCYF legal custody due to a report or suspicion of abuse or neglect, including the records of the Named Plaintiffs in this suit. We or our co-counsel have also reviewed currently available state and federal data regarding Rhode

Island children in DCYF custody. Through the course of that work, I have determined that children in DCYF custody due to an allegation of maltreatment face serious harm as a direct result of the actions and inactions of Defendants in violation of the Plaintiff Children's federal statutory and constitutional rights.

5. In my capacity as Child Advocate, I have determined that the constitutional and statutory violations asserted in this matter arise from systemic DCYF deficiencies that can only be fully addressed through an action requesting system-wide relief. I have concluded that a federal class action requesting the required relief is the proper and most efficient vehicle to vindicate the rights of the children I am charged with protecting.

6. There are currently approximately 3,000 children in DCYF legal custody due to a report or suspicion of abuse or neglect. To enter appearances on behalf of each of these children in their Family Court proceedings in order to assert the legal violations alleged in the Amended Complaint would not only strain the judicial resources of the Family Court, but would be physically impossible for myself and my small staff.

7. In an effort to identify next friends to appear on behalf of the Named Plaintiffs in this suit, my staff reached out to as many people that we could identify who had both a personal connection to the Named Plaintiffs and who would pose no obvious conflict if they were to serve as next friends. These adults included: service providers, including therapists, clinicians, medical doctors, and staff at child development programs; educators and educational advocates; social workers; staff at foster care facilities; relatives; and former foster parents of the Named Plaintiffs. My staff also reached out to clergy, community activists, directors of community-based organizations, attorneys, and adults with connections to the child welfare system.

8. These efforts revealed that each of the Named Plaintiff children lacked a network of stable adults willing and able to represent them in a federal lawsuit. The persons most closely connected to the children, including foster parents, guardians *ad litem*, or relatives, either posed a potential conflict or expressed concern regarding possible retaliation from the Department or other state entities and declined to become involved. One of Named Plaintiffs had never met the guardian *ad litem* who has represented the child for many years.

9. In my judgment and capacity as Child Advocate, I concluded that each of the Next Friends selected in this case is sincerely motivated to pursue the best interests of the children for whom they appear in this lawsuit.

Executed on: October 19, 2007

JAMETTA O. ALSTON (Bar No. 3909)
Child Advocate
Office of Child Advocate
John O. Pastore Complex
57 Howard Ave., 4th Floor
Cranston, RI 02920
(401) 462-4300