# Exhibit 5

*Douglas v. N.H. Sup. Ct. Prof'l Conduct Comm.*, 187 F.3d 621 (1st Cir. 1998) (unpublished table decision)

Douglas v. New Hampshire Supreme Court Professional Conduct Committee
C.A.1 (N.H.),1998.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA1 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, First Circuit.
Caroline G. DOUGLAS, Plaintiff-Appellant,
v.
NEW HAMPSHIRE SUPREME COURT PROFESSIONAL CONDUCT COMMITTEE, et al., Defendants-Appellees.
**No. 98-1198.**

Dec. 29, 1998.

Appeal from the United States District Court for the District of New Hampshire; Hon. Steven J. McAuliffe, U.S. District Judge.

Caroline G. Douglas on brief pro se.
Philip T. McLaughlin, Attorney General and Daniel J. Mullen, Senior Assistant Attorney General on brief for appellees.

Before TORRUELLA, Chief Judge, CYR, Senior Circuit Judge, and BOUDIN, Circuit Judge.
PER CURIAM.
***1** Plaintiff Caroline Douglas appeals a district court judgment that dismissed her amended complaint for declaratory and injunctive relief to enjoin the New Hampshire Supreme Court Professional Conduct Committee (NHPCC) from instituting disciplinary proceedings against her. The district court's dismissal order was based on the abstention principle enunciated in *Younger v. Harris,* 401 U.S. 37 (1971), and extended to attorney disciplinary proceedings in *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

Applying *de novo* review, *see Brooks v. New Hampshire Supreme Court,* 80 F.3d 633, 638 (1st Cir.1996), we affirm. The allegations in plaintiff's amended complaint establish that the disciplinary investigations commenced by the NHPCC are the sort of judicial proceedings that warrant abstention, as evidenced by the cases cited in the district court's opinion. Plaintiff's argument to the contrary is meritless. *See, e.g., Wightman v. Texas Supreme Court,* 84 F.3d 188, 190-91 (5th Cir.1996) (applying *Younger* to disciplinary proceeding in its early stages), *cert. denied,*519 U.S. 1080, 117 S.Ct. 744, 136 L.Ed.2d 682 (1997); *Fieger* v. *Thomas,* 74 F.3d 740, 746-49 (6th Cir.1996) (applying *Younger* where attorney could raise constitutional claims before state bar disciplinary board and, via petition for mandamus or petition for discretionary review, before state supreme court); *Brooks,* 80 F.3d at 638 (applying *Younger* where, *inter alia,* state disciplinary proceeding was only in the "embryonic" stage).

The allegations in plaintiff's amended complaint are also insufficient to state a claim within the "bad faith" exception to the *Younger* principle. *See Wightman,* 84 F.3d at 190 ("[t]he bad faith exception is narrow and is to be granted parsimoniously"); *Bettencourt v. Board of Registration in Medicine,* 904 F.2d 772, 779 (1st Cir.1990) (similar). Plaintiff's conclusory allegation that she was acting as a private citizen is insufficient to suggest that the NHPCC acted in bad faith in opening its investigations. *See Judge v. City of Lowell,* --- F.3d ----, ---- (1st Cir.1998), 160 F.3d 67, 1998 WESTLAW 789187 at *4 ("the element of illegal motive must be pleaded by alleging specific non-conclusory facts from which such a motive may reasonably be inferred, not merely by generalized asseveration alone[ ]"); *Collins v. County of Kendall, Illinois,* 807 F.2d 95, 98 (7th Cir.1986) (plaintiff asserting bad faith prosecution must allege specific facts to support an inference of bad faith). Plaintiff's allegation that the NHPCC followed improper procedures in initiating the September 15, 1997 complaint also fails to raise the specter of bad faith, for plaintiff has failed to identify any rule that prohibited the opening of the complaint in the fashion alleged. We further cannot say that the "Hewson complaint" described a scenario that was patently beyond the NHPCC's jurisdiction, nor that its docketing was a "manifest" example of bad faith.[FN1] Finally, that the NHPCC failed to pursue a number of complaints against plaintiff's ex-husband is irrelevant to whether the complaints against plaintiff were opened in bad faith. *See Mason v. Departmental Disciplinary Committee,* 894 F.2d 512, 515 (2d Cir.1990) (allegation that professional conduct board was at fault because it failed to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

adjudicate misconduct charges against others was irrelevant to determining propriety of board's inquiry into plaintiff).[FN2] Finally, plaintiff's allegations concerning the NHPCC's alleged bias in favor of politically influential attorneys are too general to overcome the presumption of integrity that we must ascribe to the defendants. *See, e.g., Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 713 (9th Cir.1995); *Bettencourt*, 904 F.2d at 780.

FN1. The fact that two complaints were docketed in close proximity to each other, both of which remained unresolved at the time plaintiff filed her amended complaint, is not sufficient to suggest bad faith.

FN2. We fail to see how the remarks plaintiff's ex-husband allegedly made concerning Judge Selya suggest a violation of Rule 8.2(a), nor how bad faith could be imputed to the NHPCC for not investigating this alleged conduct. Here, as in *Fieger*, 64 F.3d at 750, plaintiff's allegations are insufficient to establish bad faith through selective prosecution.

***2** *Affirmed.*

C.A.1 (N.H.),1998.
Douglas v. New Hampshire Supreme Court Professional Conduct Committee
187 F.3d 621, 1998 WL 1085773 (C.A.1 (N.H.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.