**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAM and TONY M., *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island, *et al.*,**<br><br>**Defendants.** | ) | **Class Action**<br>**Civil Action No. 1:07-cv-00241-L-LDA** |

**PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW OPPOSING DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF REPLY MEMORANDUM**

## I. INTRODUCTION

Defendants have moved this Court for leave to file the exhibits to their Reply Memorandum in Support of Their Motion to Dismiss under seal. These exhibits are all certified copies of Family Court records. As Defendants have failed to cite any relevant law as to why sealing is mandated or indeed proper, and have also failed to explain why redacting the relevant documents, which Plaintiff Children proposed, would be insufficient to protect the privacy interests at issue, Plaintiff Children oppose Defendants' motion.

In order to promote a transparent judicial system, courts have long recognized the presumption that the public has a right to access the documents filed in conjunction with civil legal proceedings. *Bourne v. Madison*, No. 05-cv-365-JD, 2007 WL 1796239, at *1 (D.N.H. June 19, 2007) (citing *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002)). "This presumption is 'no mere paper tiger' and accumulates even more weight when the government . . . is accused of wrongdoing." *Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 404 (D. Me. 2001) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)). This federal

principle is robust, and "only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access." *In re Providence Journal Co.*, 293 F.3d at 10 (quoting *FTC*, 830 F.2d at 410) (internal quotation marks omitted).

The issue in the instant litigation, whether the State Defendants have failed in their legal obligation to provide for the safety and protection of Rhode Island's foster children, is a question of vital public concern. Defendants seek to withhold from the public the documents on which they rely in their official response to this lawsuit. Defendants have the burden of establishing a compelling reason to seal the presumptively public court records that they seek to shield from public view. *In re Providence Journal*, 293 F.3d at 10. Far from meeting their burden, however, Defendants have not provided any substantive reasons why this presumption of public access should not apply here.

## II. ARGUMENT

### A. State Confidentiality Statutes Do Not Control in this Federal Lawsuit

While Defendants contend that the documents they propose to attach as exhibits are confidential under state law, confidentiality under state law, without more, does not create a federal privilege. *See Seales v. Macomb County*, 226 F.R.D. 572, 576 (E.D. Mich. 2005) ("Statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts."); *Pearson v. Miller*, 211 F.3d 57, 60 (3d Cir. 2000) ("Because, however, discovery disputes in federal courts are governed by federal law, . . . the state statutory confidentiality provisions . . . do not directly govern the present dispute."). State statutes do not govern federal proceedings. *Tower v. Leslie-Brown*, 167 F. Supp. 2d at 405 (noting that "the [state] statutes closing the state [child protective] proceedings do not govern this civil rights action in federal court" and did not mandate sealing record in federal court).

Defendants have cited to no federal privilege here that would preclude the public filing of the documents at issue.

Defendants have failed to explain why the documents they intend to file as exhibits cannot be redacted in such a way as to assuage any potential confidentiality and privacy concerns. Redaction is the "time-tested" way to maintain the openness of judicial proceedings while also protecting confidentiality. *In re Providence Journal Co.*, 293 F.3d 1, 15 (1st Cir. 2002) ("the district court's refusal to consider redaction on a document-by-document basis is insupportable"). In their Reply Memorandum, Defendants have used the same pseudonyms employed by Plaintiff Children in the Amended Complaint as a means of concealing the identities of the Named Plaintiff Children. The use of redaction and pseudonyms provides an effective curtain that allows confidential information to remain protected while simultaneously permitting a judicial system that is defined by its openness to operate transparently. These techniques can be easily employed here to guard the confidentiality of the individuals involved. *See, e.g.*, *United States v. 3 Juveniles*, 61 F.3d 86, 91-92 (1st Cir. 1995). Plaintiff Children propose that redacted exhibits be filed here.

**B. The Exhibits at Issue are Not Confidential under Rhode Island Statutes**

Even if state law were controlling here, sealing the proposed exhibits would be unnecessary. Defendants ask that Family Court records submitted as exhibits be sealed. However, the Rhode Island legislature has enshrined in Rhode Island statute the presumption that the public has a right to access even Family Court documents. R.I. Gen. Laws § 8-10-21 explicitly states that "[t]he records of the family court shall be *public records*," but precludes the public inspection of "records of hearings . . . together with stenographic notes and transcripts of those hearings" unless otherwise ordered by the Court. *Id*. (emphasis added); *see also*

*Providence Journal Co. v. Clerk of Family Court*, 643 A.2d 210, 211 (R.I. 1994) ("The legislative judgment has been made that Family Court records shall be public."). The proposed exhibits do not include any records of Family Court hearings, but are simply documents provided by DCYF to the Family Court. As such, under Rhode Island statute, these documents are public records and are intended to be open to the public.

Nor do the other statutes cited by Defendants support the full-scale sealing of exhibits that Defendants propose. While Defendants cite to R.I. Gen. Laws § 42-72-8, which makes certain DCYF records confidential, § 42-72-8 is not the operative statute here since the records at issue were filed in Family Court. Even if it were, this statute is intended to ensure the privacy interests of children and families who are served by DCYF, not the privacy of the executive agency actors. Filing redacted documents, such that the children and families involved with DCYF are unidentifiable, wholly protects those privacy interests without shielding the agency from valid public transparency. Nor does R.I. Gen. Laws § 5-37.3-4 compel a contrary result. That provision is designed to protect the confidentiality of health care information. However, the majority of the documents submitted by Defendants does not in any way relate to health care information. In those limited instances where confidential health care information is at issue, redaction is the appropriate tool.

## III. CONCLUSION

This lawsuit deals with an issue of vital public concern, the safety of children in foster care, which weighs in favor of allowing public access. *See, e.g.*, *United States v. 3 Juveniles*, 862 F. Supp. 651, 658-59 (D. Mass. 1994). Defendants have not put forward any compelling reason here why the presumption of public access does not apply and instead merely cite to inapplicable state confidentiality statutes. As Defendants have not met their burden of

establishing a compelling reason to seal the presumptively public court records at issue, this Court should deny Defendants' motion and instead require that a redacted version of Defendants' proposed exhibits be filed.

Dated: December 6, 2007

Respectfully submitted,

/s/ Susan Lambiase______________________
MARCIA ROBINSON LOWRY (Bar No. 1187053 (N.Y.); admitted *pro hac vice*)
SUSAN LAMBIASE (Bar No. 2099489 (N.Y.); admitted *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: mlowry@childrensrights.org, slambiase@childrensrights.org

/s/ Jametta O. Alston_____________________
JAMETTA O. ALSTON (Bar No. 3909)
CHILD ADVOCATE OF
THE STATE OF RHODE ISLAND
John O. Pastore Center
57 Howard Avenue, Fourth Floor
Cranston, RI 02920
Phone: (401) 222-1690
Facsimile: (401) 222-6652
Email: jalston@doa.state.ri.us

JOHN W. DINEEN (Bar No. 2346)
305 South Main Street
Providence, RI 02903
Phone: (401) 223-2397
Facsimile: (401) 223-2399
Email: jwdineen1@yahoo.com

VERNON M. WINTERS (Bar No. 130128 (Cal.); admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA
Phone: (650) 802-3005
Facsimile: (650) 802-3100
Email: vernon.winters@weil.com

# CERTIFICATION

I hereby certify that on December 6, 2007, I electronically mailed the foregoing document to the attorneys of record listed below:

Brenda D. Baum, Esq.
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

James R. Lee, Esq.
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2314
Fax: (401) 222-2995
jlee@riag.ri.gov

Kevin Aucoin, Esq.
Executive Counsel
R.I. Department of Children, Youth & Families
101 Friendship Street
Providence, RI 02903-3716
Tel: (401) 528-3579
Fax: (401) 525-3566
Kevin.Aucoin@dcyf.ri.gov

Jane Morgan, Esq.
Assistant Director of Legal Services
R.I. Department of Elderly Affairs
Benjamin Rush Building
35 Howard Avenue
Cranston, RI 02920
Tel: (401) 462-0524
Fax: (401) 462-0503
jmorgan@dea.state.ri.us

/s/ Susan Lambiase______________________
SUSAN LAMBIASE (Bar No. 2099489 (N.Y.); admitted *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: slambiase@childrensrights.org