**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAM and TONY M., *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island, *et al.*,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Class Action**<br>**Civil Action No. 1:07-cv-00241-L-LDA** |

**PLAINTIFFS' MEMORANDUM OF LAW SUBMITTED IN CONJUNCTION WITH THE EVIDENTIARY HEARING REGARDING THE ADEQUACY OF PLAINTIFFS' NEXT FRIENDS**

## I. INTRODUCTION.

This putative class action is brought by seven foster children in Defendants' care and legal custody who have been harmed and are at risk of future harm as a direct and foreseeable consequence of Defendants' actions and inactions in administering a child welfare system that is plagued by pervasive, chronic, and systemic dysfunction. This suit seeks to vindicate Plaintiff Children's well-established federal constitutional and statutory rights to be provided care and protection. It is being prosecuted by Jametta O. Alston, the Rhode Island Child Advocate, who is serving as counsel to Plaintiff Children pursuant to her statutory authority to take legal action on behalf of children in state custody.

Because the Named Plaintiffs are children, they lack the legal capacity to sue in their own right. Therefore, the Named Plaintiffs properly appear before this Court through their Next Friends, whose authority and legal capacity derives directly from Rule 17(c) of Federal Rules of Civil Procedure. Article III standing requirements are satisfied here and Defendants have not contended otherwise. To the extent that standing is an issue in this case, it is in the guise of

"prudential standing," a doctrine to which Rule 17(c) provides a necessary exception for minors who would otherwise have no access to the federal courts. "The purpose of Rule 17(c) is to further the child's interest in prosecuting or defending a lawsuit, or at least to allow an evaluation of the merits of the suit relative to the child's best interests. . . . Rule 17(c) was not intended to be a vehicle for dismissing claims . . . ." *Gardner v. Parson*, 874 F.2d 131, 140 (3d Cir. 1989).

The evidence presented at this hearing will show that the Next Friends are each qualified and adequate representatives under Rule 17(c). Should this Court conclude otherwise, however, dismissal would be inappropriate because it would deny these children, who are wholly dependent on Defendants for their care and protection, access to the federal courts to redress their grievances against those same custodians. *See Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984) (finding reversible error where lower court failed to appoint next friend under Rule 17(c) for minor or to otherwise ensure that infant's right to vindicate his statutory and constitutional claims was protected).

## II. THIS SUIT IS BEING PROPERLY PROSECUTED BY THE STATE OFFICIAL STATUTORILY AUTHORIZED TO BRING SUCH A SUIT ON BEHALF OF CHILDREN BEING HARMED IN FOSTER CARE.

Jametta O. Alston, the Rhode Island Child Advocate and counsel for Plaintiffs in this action, made the decision on behalf of the Named Plaintiffs to seek redress of their federal constitutional and statutory grievances in federal court, consistent with Child Advocate's statutory authority and duty to "[t]ake all possible action including, but not limited to programs of public education, legislative advocacy, *and formal legal action*, to secure and ensure the legal, civil, and special rights of children" committed to DCYF custody. R.I. Gen. Laws § 42-73-7 (2007) (emphasis added). As recognized by Defendants, the Child Advocate has statutory authorization to review DCYF and Family Court foster care records, for the purposes of fulfilling her obligation to ensure that the rights of custodial children are safeguarded. R.I. Gen. Laws

§ 42-73-9 (2007). Alston identified the Named Plaintiffs and the Next Friends in the exercise of that authority.

In fulfilling her mission "to protect the legal rights of children in State care," the current Child Advocate and her staff have reviewed DCYF cases and appeared in Family Court on behalf of hundreds of children in foster care. *See* Mission Statement of the Office of the Child Advocate, http://www.child_advocate.ri.gov; Declaration of Jametta O. Alston submitted in support of Plaintiffs' Motion for Class Certification & Appointment of Class Counsel ¶ 4 ("Alston Decl."). From her first-hand examination of the particular Named Plaintiffs' case records, she determined that they each have been harmed and are subject to further harm because of critical systemic deficiencies in Rhode Island's child welfare system. (Alston Decl. ¶ 4–5.) From her experience representing hundreds of similarly situated children, the Child Advocate determined that the persistent and systemic nature of these problems placed the Named Plaintiffs, as well as all children in foster care, at risk of continuing harm. In her legal judgment as an attorney admitted to the State Bar of Rhode Island, and in her professional judgment as the state agent charged with vindicating the legal rights of children in foster care, the Child Advocate concluded that it would be impractical if not impossible to appear in the Family Court proceedings on behalf of each foster child, and that the children's rights would be best protected through a federal class action requesting system-wide relief. (Alston Decl. ¶ 1–6.) To that end, she assembled a legal team to advance this action on behalf of the Named Plaintiffs and the class they seek to represent.

While the Child Advocate has the legal duty to vindicate the legal rights of the Named Plaintiffs, there is simply no basis upon which to find that she is required to bring those claims first or solely in the context of individual Family Court proceedings, or to seek the Family

Court's permission to proceed in another forum. In the exercise of her statutory authority, she is wholly independent of the Family Court and DCYF. In short, her preparation and filing of this federal class action falls squarely within her statutory mandate. To require the Child Advocate to seek permission of the Family Court would be inappropriate and would sacrifice the independence given to her by the Rhode Island Legislature.

Furthermore, it is entirely appropriate for the Child Advocate to identify not only plaintiff children, but adults who could stand up for those children as next friends, permitting them to bring suit in this Court against the State agents who have harmed them. It is well-settled in the First Circuit that public interest advocates may "seek out clients and initiate litigation" in circumstances such as these, where the individuals represented have no voice and no other access to the federal courts. *Dev. Disabilities Advocacy Ctr., Inc. v. Melton*, 689 F.2d 281, 287–88 (1st Cir. 1982) (citing *NAACP v. Button*, 371 U.S. 415 (1963)); *see also Inmates of the R.I. Training Sch. v. Martinez*, 465 F. Supp. 2d 131, 139–40 (D.R.I. 2006) (finding conduct of plaintiffs' counsel not improper where counsel were "using a class action lawsuit to advance the cause of civil liberties for a group of litigants . . . whose access to private legal representation is limited. They are not motivated by pecuniary gain, but by their political beliefs and their commitment to securing civil rights for underprivileged members of our society.").

## III. FEDERAL RULE OF CIVIL PROCEDURE 17(c) AUTHORIZES THE NAMED PLAINTIFF CHILDREN TO APPEAR IN THIS FEDERAL LITIGATION THROUGH NEXT FRIENDS.

Rule 17(c) of the Federal Rules of Civil Procedure provides minors with access to the federal courts. The rule has two parts, the first of which applies to minors who have duly appointed representatives, such as general guardians, committees, conservators, or other similar fiduciaries and provides that such "representatives may sue or defend on behalf of a minor." Fed. R. Civ. P. 17(c)(1) (2007). Because not all children have duly appointed representatives, the

second part of Rule 17(c) provides that "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2) (2007).[1] The rule further provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* Thus, Rule 17(c) ensures that minors seeking to vindicate federal claims may sue in federal court, either by a duly appointed general representative or by a next friend or guardian ad litem.

The Named Plaintiffs do have a "duly appointed representative"—the Department of Children, Youth and Families. Under Rhode Island law, children placed in DCYF custody become wards and are "subject to the guardianship of the department." R.I. Gen. Laws § 14-1-35 (2007). The Named Plaintiffs allege that DCYF, in its very capacity as their legal guardian, is harming them in violation of their federal statutory and constitutional rights. DCYF is thus precluded from representing the Named Plaintiffs in this matter because Plaintiffs have brought suit challenging DCYF actions and because its Director is a Defendant in this suit. Where a minor has a general representative but "'it appears that the minor's general representative has interests which may conflict with those of the person he is supposed to represent,'" Rule 17(c) permits the minor to sue by a next friend, as the Named Plaintiffs have done here. *Dev. Disabilities Advocacy Ctr.*, 689 F.2d at 285 (quoting *Hoffert v. Gen. Motors*, 656 F.2d 161, 164 (5th Cir. 1981)).

Although the Named Plaintiffs are represented in their Family Court proceedings by guardians ad litem (GALs) or Court-Appointed Special Advocates (CASAs), those advocates are

---

[1] The text of the Federal Rules of Civil Procedure provided here is from the version that went into effect on December 1, 2007, and which, by Order of the United States Supreme Court, "govern[s] in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of April 30, 2007, Adopting and Amending Rules.

*special* representatives appointed specifically to represent the children in their Family Court proceedings and are not "duly appointed representatives" for purposes of Rule 17(c). *See* R.I. Gen. Laws § 40-11-7.1(b)(3) (2007) (requiring appointment of GAL or CASA within 7 days when petition for removal of child from parents' custody for suspected abuse or neglect is filed). Furthermore, GALs and CASAs are not the only legal representatives charged with representing the interests of the children to whom they are assigned. As noted above, the Child Advocate is required by law to "[t]ake all possible action including, but not limited to . . . formal legal action to secure and ensure the legal, civil, and special rights of children" in the custody of DCYF. R.I. Gen. Laws § 42-73-7(6) (2007). The fact that the Named Plaintiffs are represented in Family Court by GALs or CASAs neither precludes nor weighs against their representation in this action by the Next Friends who appear for them.[2] *See, e.g.*, *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1186 (S.D. Fla. 2000) (approving of next friend, even when, "under different circumstances, the Court can envision other representatives").

Finally, whether or not any of the Named Plaintiffs have kin who might, in theory, have served as Next Friends in this action, "[t]he mere fact that an individual has blood relatives, or close friends, is not sufficient reason to appoint those persons as representatives." *Bowen v. Rubin*, 213 F. Supp. 2d 220, 227 (E.D.N.Y. 2001); *cf. David C. v. Leavitt*, No. 93-C-206 W, 1993 WL 764518, *1–2 (D. Utah May 7, 1993) (applying Rule 17(c) and allowing suit through next friends for plaintiff children who were subjects of abuse or neglect reports and remained in their parents custody, in spite of biological parents' sworn objections). The appropriateness of these

---

[2] In her declaration submitted in support of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel, Alston described counsel's efforts to identify next friends for the Named Plaintiffs and noted that the children's GALs "either posed a potential conflict or expressed concern regarding possible retaliation from the Department [DCYF] or other state entities and declined to become involved." (Alston Decl. ¶ 8.)

Next Friends is not a question of the hypothetical qualifications of other persons to represent the Named Plaintiffs in this action. *Bowen*, 213 F. Supp. 2d at 226–27 (holding that existence others who "might perhaps serve as better representatives" was not grounds for rejecting proposed next friends). It is a question of whether the Next Friends meet the requirements of Rule 17(c), which they do.

## IV. PLAINTIFF CHILDREN'S NEXT FRIENDS ARE APPROPRIATE REPRESENTATIVES.

### A. The Adequacy of a Next Friend is Determined by Assessing the Next Friend's Good Faith and Sincere Desire to Act Solely in the Plaintiff's Best Interests.

Rule 17(c) does not impose any specific qualifications on who may act as a next friend. Because the Named Plaintiffs are the real parties in interest, their Next Friends are not themselves required to have suffered an injury giving rise to a case or controversy for purposes of Article III standing.[3] *See Gardner*, 874 F.2d at 137 n.9 (holding that propriety of next friend to represent foster child was question of capacity under Rule 17(c), not of Article III standing); *Gonzalez*, 86 F. Supp. 2d at 1180–81 (distinguishing between Article III standing and capacity to sue as next friend under Rule 17(c)). Rule 17(c) provides an exception to the doctrine of "prudential standing," which generally prohibits a litigant from raising another person's legal rights. *See Jacob v. Herff-Jones, Inc.*, No. Civ. 1:CV-04-1654, 2005 WL 2030449, at * 1 (M.D. Pa. Aug. 18, 2005) (unpublished decision) ("An exception to th[e] prudential standing requirement occurs when a party proceeds as the 'next friend' to the real party in interest"). The prudential prohibition on third-party standing derives from the precept that suits are most properly brought by the individuals whose rights are directly at stake, and who will therefore litigate with necessary incentive and zeal. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004);

---

[3] Defendants do not dispute that the Named Plaintiffs have Article III and prudential standing.

*Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004). Because the Named Plaintiffs are represented by proper next friends, prudential standing is not at issue here.

Despite Rule 17(c)'s lack of any particular qualifications or limitations on who may qualify as a next friend, a court must satisfy itself that the claims of the real party in interest will be properly and zealously pursued by the representative. In assessing the adequacy of a next friend to represent a child in state custody, courts have looked to "the good faith of those claiming to speak for the infant," and whether "the 'next friend' is motivated by a sincere desire to seek justice on the infant's behalf." *Ad Hoc Comm. of Concerned Teachers v. Greenburgh #11 Union Free Sch. Dist.*, 873 F.2d 25, 30–31 (2d Cir. 1989); *accord Marisol A. v. Giuliani*, No. 95 Civ. 10533(RJW), 1998 WL 265123, at *9 (S.D.N.Y. May 22, 1998) (quoting); *Olivia Y. v. Barbour*, No. 3:04CV251LN, slip op., at 10 (S.D. Miss. Mar. 11, 2005) (finding next friends to plaintiff foster children adequate because each was "generally knowledgeable about the nature and purpose of this litigation, and has a good faith interest in the named plaintiffs' welfare and in the prosecution of this litigation") (attached to Pls.' Mem. of Law in Objection to Defs.' Mot. to Dismiss as Exhibit 3).

In gauging whether a next friend is acting out of a proper motivation to pursue the interest of the injured party, some courts have looked to whether there is a "significant relationship" between the next friend and plaintiff. The significant relationship consideration is derived from *Whitmore v. Arkansas*, 495 U.S. 149 (1990), where the Court noted that "*it has been . . . suggested* that a 'next friend' must have some significant relationship with the real party in interest." 495 U.S. at 163–64 (citing *Davis v. Austin*, 492 F. Supp. 273, 275–76 (N.D. Ga. 1980)) (emphasis added). In *Whitmore*, the Court ruled that a purported next friend lacked standing to challenge the death sentence of an inmate who had not authorized such representation

and had twice knowingly and voluntarily waived his right to an appeal. As an initial matter, the Supreme Court squarely situated its analysis in the context of habeas corpus litigation, in which "limitations on the 'next friend' doctrine are driven by the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves as next friends.'" *Id.* at 164 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)). Moreover, while the *Whitmore* Court noted that a significant relationship element had been "suggested" by a district court in Georgia, the presence or absence of such a requirement did not enter into the Court's analysis. *Id.* at 163–66. Instead, the Court held that the purported next friend lacked "standing" to proceed as the inmate's next friend because he had failed to establish that the inmate was unable to proceed on his own behalf. *Id.* at 166.

On its facts, *Whitmore* is not directly applicable to the issue of the capacity of next friends to represent foster children who, by virtue of their age and custodial status are unlike the adult plaintiff prisoner in *Whitmore* because they lack both legal capacity and the ability to seek out representation themselves. *Whitmore*'s "significant relationship" consideration is not an apt proxy for testing the good faith motivation of a next friend in the foster care context "[b]ecause the named Plaintiffs, like other foster children, have been removed from home and have had their preexisting ties to family and friends effectively severed, they have few, if any, significant relationships with adults who are suitable and willing to act as 'next friends.'" *Dwayne B. v. Granholm*, No. 06-13548, 2007 WL 1140920, at *3 (E.D. Mich. Apr. 17, 2007); *accord Marisol A.*, 1998 WL 265123 at *9 (recognizing that "[i]n an ideal world, there would be concerned family members or friends to represent these children in court," and being satisfied that in the

realities of New York City's foster care system plaintiffs' next friends were adequate despite in some instances never meeting the foster children they represented).

While the existence of a close relationship might be an indication that the next friend is sufficiently dedicated to the best interest of the child she seeks to represent, it is certainly not the only indicium, and the absence of such a relationship does not establish that the plaintiff child will be deprived of the most zealous and passionate representation possible. *See Gonzalez,* 86 F. Supp. 2d at 1185 (establishing test for next friend as requiring showing of disability and "some relationship *or other evidence* that demonstrates the next friend is truly dedicated to the interests of the real party in interest.") (emphasis added); *Bowen*, 213 F. Supp. 2d at 227 ("a long-term relationship between a proposed next friend and the individual in need of representation is not required").

**B. Plaintiffs' Next Friends Are Appropriate and Adequate Under Rule 17(c).**

The Named Plaintiffs' Next Friends come before this court for the sole purpose of furthering the best interest of the children they represent by requiring Defendants to meet their constitutional and statutory duties regarding the care and treatment of the Named Plaintiffs and all similarly situated foster children. There is no evidence that they have any other motivation—financial, ideological, or otherwise—for pursuing the Named Plaintiffs' claims. Mary Melvin appears on behalf David T., a child she fostered for two years and who referred to her as "Mommy." Kathleen Collins, a child psychologist, appears on behalf of Caesar S., a child who she treated for over a year. Gregory Elliot appears on behalf of Sam and Tony M., Deanna H., and Danny and Michael B. because, as a direct result of Defendants' actions, these children have been denied the opportunity to develop significant relationships with adults who are willing to make the substantial commitment to serve as their next friends and are independent of DCYF and unconflicted. These Named Plaintiffs are too young to seek out such adults themselves.

Foster children have appeared in federal court to vindicate their rights through similar next friends in a legion of cases. *See e.g*. *Dwayne B.*, 2007 WL 1140920, at *3 (finding former foster mother of named plaintiff's sibling suitable as next friend); *Clark K. v. Guinn*, No. 2:06-CV-1068-RCJ-RJJ, 2007 WL 1435428, *6 (D. Nev. May 14, 2007) (finding former foster parent adequate next friend); *Olivia Y.*, No. 3:04CV251LN, slip op., at 9–10 (S.D. Miss. Mar. 11, 2005) (finding one former foster parent and friend of another former foster parent suitable) (attached to Pls.' Mem. of Law in Objection to Defs.' Mot. to Dismiss as Exhibit 3); *Jeanine B. v. Thompson*, 877 F. Supp. 1268, 1287–88 (E.D. Wis. 1995) (finding prominent community members with demonstrated interest in children's issues adequate as next friends for foster children); *Marisol A.*, 1998 WL 265123, at *8–9 (finding next friends, most of whom were professionals in child welfare arena, appropriate notwithstanding that "many had not met or had very limited contact with the plaintiffs they represent"). To bar the Named Plaintiffs from vindicating their federal statutory and constitutional rights simply because they have not had the opportunity to develop sufficiently close relationships with adults who can represent them in federal court would be to penalize them for being caught in a dysfunctional child welfare system that has harmed them and would deny them the opportunity to seek redress for those very harms.

### C. Rule 17(c) Requires This Court to Ensure That the Plaintiff Children's Right to Pursue Their Federal Claims Is Protected.

The Named Plaintiffs' Next Friends satisfy the requirements of Rule 17(c). But even if this Court were to determine that they are inappropriate, Rule 17(c) requires the Court to appoint another suitable next friend or otherwise ensure that the Named Plaintiff Children are not deprived of access to the court and justice. *See Gardner*, 874 F.2d at 140 ("we have found no case . . . holding that a court may decline to appoint a guardian with the result of allowing the child's interests to go *un*protected"); *Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984)

(finding reversible error where lower court failed to appoint next friend under Rule 17(c) for minor or to otherwise ensure that infant's right to vindicate his statutory and constitutional claims was protected).

If this Court declines to exercise its jurisdiction over this case, the Named Plaintiffs' federal constitutional and statutory rights will go unprotected. The Plaintiff Children's Family Court proceedings are no substitute for this Court's hearing their federal claims. Those proceedings are limited in scope, consisting primarily of that court's review of DCYF's case plans for children in foster care. *See Office of the Child Advocate v. Lindgren*, 296 F. Supp. 2d 178, 190–91 (D.R.I. 2004) (recognizing that, while "DCYF must submit annual reports to the Family Court regarding children in state custody, it is DCYF, rather than the Family Court," that makes placement decisions). When case plans fail to meet the needs of individual children because of the limitations of DCYF's dysfunctional system, the Family Court is powerless to order DCYF to implement the reforms needed to rectify those limitations. While the Family Court may decline to ratify decisions regarding individual children, it cannot, in the context of individual review proceedings, order DCYF to remedy the systemic problems that plague Rhode Island's foster care system, such as the lack of an adequate array of licensed foster homes, or of enough trained and qualified caseworkers to make the regular in-placement visits that are critical to ensuring children's safety. The systemic failures alleged in the Amended Complaint, including the paucity of safe and licensed foster homes, and the lack of supervision of children in foster care, leave the Named Plaintiff Children at constant risk of harm and constitute ongoing violations of their federal rights that cannot be addressed in their individual Family Court proceedings. (Am. Compl. ¶¶ 129–54; 187–209). Indeed, the relief that Plaintiff Children seek in this Court would not interfere with those individual Family Court proceedings. *See Office of*

*the Child Advocate*, 296 F. Supp. 2d at 192 (noting that enforcing a federal child welfare consent decree entered into by DCYF concerning the agency's placement of children in foster care would require "review[ing] the actions of DCYF, an agency of the state executive branch" and would "not require this Court to direct or review the Family Court's decisions").

Because Rule 17(c) requires the Court to take action to ensure that the Plaintiff Children's rights in this litigation do not go unprotected, if this Court concludes that the Named Plaintiffs' Next Friends are inappropriate (a conclusion Plaintiffs strongly oppose), the proper remedy would be for the Court to grant Plaintiffs leave to provide substitute next friends, or for the Court to appoint as next friends persons it deems more suitable. As stated by the Second Circuit when considering the adequacy of a next friend to represent a child in state custody, "'[t]he right of access to courts by those who feel they are aggrieved should not be curtailed; and this is particularly so in the instance of children who, rightly or wrongly, attribute such grievances to their very custodians.'" *Ad Hoc Comm. of Concerned Teachers*, 873 F.2d at 31 (quoting *Child v. Beame*, 412 F. Supp. 593, 599 (S.D.N.Y. 1976)).

## V. CONCLUSION

The evidence at this hearing will establish that the Named Plaintiffs' Next Friends are acting in good faith and that their sole motivation in bringing this action is to advance the best interests of the children on whose behalf they appear. As such, the Next Friends meet the standards of Rule 17(c) and applicable case law. On the basis of the testimony presented at this hearing and the facts as alleged in the Amended Complaint, this Court should permit the Named Plaintiffs to proceed through their Next Friends and should deny Defendants' Motion to Dismiss. Should this Court determine that the Next Friends are inadequate, Plaintiffs should be granted leave to offer alternative next friends. In the alternative, this Court should appoint next friends it deems suitable to represent the Named Plaintiffs and the class of children they seek to represent.

Dated: January 22, 2008

Respectfully submitted,

/s/ Susan Lambiase
MARCIA ROBINSON LOWRY (Bar No. 1187053 (N.Y.); admitted *pro hac vice*)
SUSAN LAMBIASE (Bar No. 2099489 (N.Y.); admitted *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: mlowry@childrensrights.org

/s/ Jametta O. Alston
JAMETTA O. ALSTON (Bar No. 3909)
CHILD ADVOCATE OF
THE STATE OF RHODE ISLAND
John O. Pastore Center
57 Howard Avenue, Fourth Floor
Cranston, RI 02920
Phone: (401) 222-1690
Facsimile: (401) 222-6652
Email: jalston@doa.state.ri.us

JOHN W. DINEEN (Bar No. 2346)
305 South Main Street
Providence, RI 02903
Phone: (401) 223-2397
Facsimile: (401) 223-2399
Email: jwdineen1@yahoo.com

VERNON M. WINTERS (Bar No. 130128 (Cal.); admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA
Phone: (650) 802-3005
Facsimile: (650) 802-3100
Email: vernon.winters@weil.com

**CERTIFICATION**

I hereby certify that on January 22, 2008, I electronically mailed the foregoing document to the attorneys of record listed below:

Brenda D. Baum, Esq.
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

James R. Lee, Esq.
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2314
Fax: (401) 222-2995
jlee@riag.ri.gov

Kevin Aucoin, Esq.
Executive Counsel
R.I. Department of Children, Youth & Families
101 Friendship Street
Providence, RI 02903-3716
Tel: (401) 528-3579
Fax: (401) 525-3566
kevin.aucoin@dcyf.ri.gov

Jane Morgan, Esq.
Assistant Director of Legal Services
R.I. Department of Elderly Affairs
Benjamin Rush Building
35 Howard Avenue
Cranston, RI 02920
Tel: (401) 462-0524
Fax: (401) 462-0503
jmorgan@dea.state.ri.us

/s/ Susan Lambiase
SUSAN LAMBIASE (Bar No. 2099489 (NY); admitted *pro hac vice*)
330 7th Avenue, 4th Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: slambiase@childrensrights.org