# EXHIBIT 7

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

JOHN G., INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMARLY SITUATED, and

PAULA A., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, and

MARK H., INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

PLAINTIFFS

-vs-

LEON L'HEUREUX, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF NORTH PROVIDENCE SCHOOLS, and

ANTHONY PISSANO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS PRINCIPAL OF NORTH PROVIDENCE HIGH SCHOOL, and

NORTH PROVIDENCE SCHOOL COMMITTEE

81-0035

C. A. NO. ________

C O M P L A I N T

I. PRELIMINARY STATEMENT

1) This is a class action brought by the named Plaintiffs on behalf of themselves and all other persons similarly situated for injunctive and declaratory relief and damages. Plaintiffs seek to represent a class of children who are now, or may be in the future, within the custody of the Rhode Island Department for Children and Their Families and who have been placed, or will be placed, for residence in the Town of North Providence.

2) Plaintiffs bring this suit pursuant to the provisions of the Constitution of the United States and the constitiontion of the State of Rhode Island and federal and state law to end the systematic deprivation, under color of state law, of their civil rights, including, but not limited to,

their right to attend North Providence Schools and their right to a free and appropriate public education.

## II. JURISDICTION

3) This action arises under the Constitution and laws of the United States or particularly under the Due Process Clause of Section 1 of the 14th Amendment to the Constitution of the United States, the Equal Protection Clause of the 14th Amendment, 42 U.S.C. §§1983, 1985, 1986, and 1988, 29 U.S.C.A. §794 et seq (the Rehabilitation Act of 1973 §504), and 20 U.S.C. A. §1401 et seq. (the Education of the Handicapped Act).

4) This court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3), 29 U.S.C.A. §794, and 20 U.S.C. §1401 et seq.

5) Declaratory relief is sought pursuant to 28 U.S.C. §2201 and §2202.

## III. PLAINTIFFS

6) Plaintiff, John G., is a seventeen year old minor child who has been committed to the care, custody and control of the Department for Children and Their Families pursuant to an order of the Rhode Island Family Court. Plaintiff John G., has been identified as a handicapped child by a prior placement in accordance with 20 U.S.C.§1401 et seq.

7) Plaintiff, Paula A., is a seventeen year old minor child who has been voluntarily placed by her parents in the care of the Department for Children and Their Families pursuant to Section 42-72-14 of the Rhode Island General Laws of 1956, as amended. Plaintiff, Paula A., has been identified as a handicapped child by a prior placement in accordance with 20 U.S.C. §1401 et seq.

8) Plaintiff, Mark H., is a sixteen year old minor

child who has been voluntarily placed by his parents in the care of the Department for Children and Their Families pursuant to Section 42-72-14 of the Rhode Island General Laws of 1956, as amended.

DEFENDANTS

9) Defendant, Leon L'Heureux, is the Superintendent of the North Providence School System and is charged with the care and supervision of the North Providence public schools. Section 16-2-11 of the Rhode Island General Laws of 1956, as amended.

10) Defendant, Anthony Pissano, is the Principal of North Providence High School and is responsibile for the day to day operation of that school.

11) Defendant, North Providence School Committee is responsible for the operation of the North Providence School system. Sections 16-2-2 and 16-2-11 of the Rhode Island General Laws of 1956, as amended.

IV. CLASS-ACTION ALLEGATIONS

12) The named Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to Rule 23(a) and (b)(1)(A),(b)(1)(B)(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

13) The class consists of all children who are now, or may be in the future, in the custody of the Rhode Island Department for Children and Their Families and who have been placed, or will be placed, for residence in the Town of North Providence. With respect to this class:

a) The class is so numerous that joinder of all members is impracticable;

b) There are substantial questions of law and fact common to the entire class;

c) The claims of the named Plaintiffs are typical of the claims of the class;

d) The named Plaintiffs will fairly and adequately protect the interests of the class;

e) The prosecution of separate actions by members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendants;

f) The prosection of separate actions by members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

g) The Defendants have acted, or refused to act, on grounds generally applicalbe to the class, thereby making final injuncitve relief and corresponding declaratory relief appropriate to the class as a whole.

h) Questions of law and common to the member of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.

## V. FACTUAL ALLEGATIONS

14) In doing all of the acts herein alleged, all of the Defendants, and each of them, were and are acting under color of state law, custom and usage and by virtue of the authority vested in each of them by federal law, and the Constitution laws of the State of Rhode Island in the capacities heretofore and hereinafter stated.

15) At all times relevant, all the Defendants, and each of them knew or should have known of the acts, missions or conditions alleged herein.

16) Plaintiffs are children in the custody of the Rhode Island Department for Children and Their Families who were placed by that Department at the Key Program, 2198 Mineral Spring Avenue, North Providence, Rhode Island.

17) On January 5, 1981, the first day of the second semester, Plaintiffs John G. and Paula A. enrolled at North Providence High School. On January 14, 1981, Plaintiff Mark H. enrolled at North Providence High School.

18) As of January 14, 1981 all three Plaintiff children were residing in the Town of North Providence, intending to make North Providence their residence for an indeterminate period of time.

19) As of January 14, 1981, all three plaintiff children were under the control of the Key Program and were to continue in the Key Program for an indeterminate period of time.

20) While in the control of the Key Program each of the Plaintiff children were provided with food, shelter, discipline and counseling in accordance with the Department for Children and Their Families' contract with The Key Program.

21) On January 14, 1981, officials of the Key Program were advised that Plaintiff children were not to return to North Providence High School. Upon information and belief Defendant L'Heureux, at the direction of of the Defendant North Providence School Committee, directed the Defendant Pissano to exclude Plaintiff children from attendance at North Providence High School.

22) The Defendants acted wilfully, maliciously and without due cause in excluding the plaintiff children from North Providence High School.

23) The Plaintiff children were excluded without sufficient notice, without the right to a prior hearing, and without explanation.

24) Since the exclusion of the Plaintiff children the Defendants have failed to provide any hearing or a written statement of reasons explaining their decision.

25) As a direct consequence of Defendants' actions Plaintiff children are suffering irreparable harm in that they are suffering emotional and mental distress, that they are suffering damage to their educational achievement and potential, and that their placement in the community is adversely affected.

26) Upon information and belief the Defendants are the recipients of federal financial assistance pursuant to Subpart B of P.L. 94-142, the Education of the Handicapped Act, 20 U.S.C. §1401 et seq. and other federal laws.

27) Upon information and belief at least two of the named plaintiffs fall within the scope of P.L. 94-142 (20 U.S.C. 1401 et seq) and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C.§ 794).

VI. CLAIMS FOR RELIEF--FIRST CLAIM

28) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

29) The acts and conduct of the Defendants complained of above, including but not limited to the summary exclusion of the Plaintiff children from attendance at North Providence High School and the denial of a prior hearing, constitute a denial of due process in violation of Section 1 of the 14th Amendment to the United States Consitution.

SECOND CLAIM

30) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

31) The acts and conduct of the Defendants constituted an invidious discrimination based on the status of the Plaintiff children as children in the custody of the Rhode Island Department for Children and Their Families, deprives the Plaintiff children of the opportunity to obtain a fit and proper education suitable to their needs, and violate the Equal Protection Clause of the 14th Amendment to the United States Constitution.

THIRD CLAIM

32) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

33) The acts and conduct of the Defendants violate Plaintiffs' rights under Article 1, Section 5 of the Rhode Island Constitution.

FOURTH CLAIM

34) Plaintiffs' reallege and incorporate paragraphs 1 through 27 above.

35) The acts and conduct of the Defendants violate Plaintiffs' rights under Article 1, Section 2 of the Rhode Island Constitution.

FIFTH CLAIM

36) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

37) The acts and conduct of the Defendants deprived Plaintiffs of their rights, privileges and immunities secure by the Constitution and laws of the United States, to the injury of the Plaintiffs, giving rise to a cause of action under 42 U.S.C. §1983.

SIXTH CLAIM

38) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

39) The acts and conduct of the Defendants constituted a conspiracy for the purpose of depriving the Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws, resulting in a cause of action under 42 U.S.C.§1985(3). The Defendants engaged in acts in furtherance of the object of said conspiracy, resulting in injury to the Plaintiffs.

SEVENTH CLAIM

40) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

41) The acts and conduct of the Defendants indicate that the Defendants knew or should have known of the wrongs conspired to be done to the Plaintiffs, and having the power to prevent or aid in the preventing of the commission of the same, neglected or refused to do so, resulting in a cause of action under 42 U.S.C. §1986.

EIGHTH CLAIM

42) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

43) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 provides that: "No otherwise handicapped individual in the United States.....shall, solely by reason of his handicap, be excluded from the participating in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance".

44) Federal regulations promulgated pursuant to the above statute, 45 C.F.R. §84.1 et seq (recently recodified

in 34 C.F.R.), require, inter alia, that all recipients of federal financial assistance shall provide a free appropriate education to each qualified handicapped person who is a legal resident of the recipient's jurisdiction, regardless of the nature of severity of such person's handicap. 45 C.F.R. §84.31 through §84.39.

The regulations further provide that any recipient of federal financial assistance shall establish and implement procedural safeguards for reviewing decisions concerning the evaluation, classification and educational placement of handicapped or thought-to-be handicapped persons, including an impartial hearing and review procedure. 45 C.F.R. §84.36.

45) At least two of the named plaintiff children are handicapped persons within the definitions set out in §504 of the Rehabilitation Act of 1973 and its implementing regulations, and the Defendants are recipients of federal financial assistance.

46) Because of the above-described actions and conduct of the Defendants excluding of the Plaintiff children from attending North Providence High School, the Plaintiffs' rights under §504 of the Rehabilitation Act of 1973 have been violated.

NINTH CLAIM

47) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

48) At least two of the above named Plaintiff children fall within the purview of P.L. 94-142, the Education of the Handicapped Act of 1973, 20 U.S.C. §1401 et seq. The acts and conduct of the Defendants in excluding the Plaintiffs violate the rights of the Plaintiffs under this Act and specifically 20 U.S.C. §1413 (a)(13) which requires procedures "for insuring that handicapped children and their parents or guardians are guaranteed procedural safeguards in decisions

regarding indentification, evaluation and educational placement of handicapped children including but not limited to (A)(i) prior notice to parents or guardians of the child when the local or state educational agency proposes to change the educational placement of the child, (ii) an opportunity for the parents or guardians to obtain an impartial due process hearing.....".

49) As part of the duties in accepting federal funds under this Act the Defendants must assure that each handicapped child in North Providence will receive a free appropriate public education. By the acts and omission of the Defendants, handicapped plaintiffs have been systematically denied individual education programs with specially designed instruction and related services, thereby violating their rights underthis Act and the regulation promulgated thereunder.

TENTH CLAIM

50) Plaintiffs reallege and incorporate paragraphs 1 through 27 above.

51) The Defendant North Providence School Committee has violated its duty to provide the type of special education that will best satisfy the needs of the Plaintiffs under Section 16-24-1 of the Rhode Island General Laws of 1956, as amended.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

1) Certify this action as a Class-Action as to Claims 1 through 7, and 10.

2) Grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202, declaring that the Defendants' actions are in violation of the above-cited statutory and constitutional provisions as set forth herein.

3) Issue a temporary restraining order, preliminary and permanent injunctions requiring Defendants to:

a) Forthwith readmit Plaintiffs to North Providence High School and to maintain them there during the pendency of this action and until further order of the Court.

b) Forthwith offer to provide each member of the Plaintiff class with a free appropriate public education despite their handicaps, despite the fact that they are in the custody of the Rhode Island Department for Children and Their Families, and despite the fact that their parents do not reside in the Town of North Providence.

c) Provide each member of the class who has not received a free appropriate public education with compensatory education and related services for each day a free appropriate public education was not provided.

4) Retain continuing jurisdiction over the case.

5) For compensatory and punitive damages in such amount as to the court shall seem just and proper.

6) For such other and further relief as the Court deems necessary and proper.

7) Award plaintiffs their costs and reasonable attorney's fees.

RESPECTFULLY SUBMITTED,

MICHAEL D. COLEMAN, ESQUIRE
Child Advocate
86 Weybosset Street
Providence, R. I. 02903

THOMAS R. FINN, ESQUIRE
Assistant Child Advocate
86 Weybosset Street
Providence, R. I. 02903

JOHN EDWARD FARLEY, ESQUIRE
Chief Legal Counsel
Department for Children and
Their Families
610 Mt. Pleasant Avenue
Providence, R. I. 02908

ATTORNEYS FOR PLAINTIFFS