# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SAM and TONY M., by Next Friend Gregory C. Elliot; CEASER S., by Next Friend Kathleen J. Collins; DAVID T., by Next Friend Mary Melvin; BRIANA, ALEXIS, CLARE and DEANNE H., by Next Friend Gregory C. Elliott; and DANNY and MICHAEL B., by Next Friend Gregory C. Elliott; for themselves and those similarly situated | : : : : : : : : : : |
| v. | : C.A. No.: 07-241L |
| DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island; JANE HAYWARD, in her official capacity as Secretary of the Executive Office of Health & Human Services; and PATRICIA MARTINEZ, in her official capacity as Director of the Department of Children, Youth and Families | : : : : : : : : : |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXHIBITS

Now come the Defendants and ask this Honorable Court to strike the exhibits that are appended to "Plaintiffs' Supplemental Memorandum of Law in Further Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. 12(b)(1)." The Defendants submit that the exhibits violate this Court's January 24, 2008 Order and improperly expanded the record. Moreover, the declaration submitted in Exhibit 5 contains a factual inaccuracy and legal counsel is improperly testifying as a witness.

Wherefore, the Defendants pray that this Motion is granted and that the exhibits are stricken from the record.

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted
DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ James R. Lee
JAMES R. LEE (4305)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2314
Fax: (401) 222-2995
jlee@riag.ri.gov

/s/ Brenda D. Baum
BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

On Behalf of PATRICIA MARTINEZ,
in her Official Capacity as Director of the
Department of Children, Youth and Families

/s/ Kevin Aucoin
KEVIN AUCOIN (3019)
Executive Counsel
R.I. Department of Children, Youth &
Families
101 Friendship Street
Providence, RI 02903
Tel: (401) 528-3579
Fax: (401) 525-3566
Kevin.Aucoin@dcyf.ri.gov

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 6th day of March 2008 to the attorney(s) of record listed below:

**John William Dineen, Esq.**
jwdineen1@yahoo.com

**Attorney Jametta O. Alston**
jalston@gw.doa.state.ri.us

**Attorney Susan Lambiase**
slambiase@childrensrights.org

**Vernon Winters, Esq.**
vern.winters@weil.com

**Attorney Marcia Robinson Lowry**
mlowry@childrensrights.org

       **/s/ Brenda D. Baum**

PDF created with pdfFactory trial version www.pdffactory.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SAM and TONY M., by Next Friend Gregory C. Elliot; CEASER S., by Next Friend Kathleen J. Collins; DAVID T., by Next Friend Mary Melvin; BRIANA, ALEXIS, CLARE and DEANNE H., by Next Friend Gregory C. Elliott; and DANNY and MICHAEL B., by Next Friend Gregory C. Elliott; for themselves and those similarly situated | : : : : : : : : : : |
| v. | : C.A. No.: 07-241L |
| DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island; JANE HAYWARD, in her official capacity as Secretary of the Executive Office of Health & Human Services; and PATRICIA MARTINEZ, in her official capacity as Director of the Department of Children, Youth and Families | : : : : : : : : : : |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE EXHIBITS APPENDED TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW

**I.   INTRODUCTION**

Now come the Defendants and request that this Honorable Court strike the exhibits that are appended to "Plaintiffs' Supplemental Memorandum of Law in Further Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. 12(b)(1)." The submission of the exhibits violates this Court's January 24, 2008 Order, is procedurally defective and improperly expanded the record.

4

PDF created with pdfFactory trial version www.pdffactory.com

Moreover, the declaration submitted in Exhibit 5 contains a factual inaccuracy and legal counsel is improperly testifying as a witness.

## II.   TRAVEL OF THE CASE AND ARGUMENT

On October 1, 2007, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(1) and (6), supporting memorandum and exhibits. On November 2, 2007 Plaintiffs filed their opposition memorandum and exhibits. Not one of the exhibits filed with the supplemental memorandum were included with that pleading. On November 30, 2007 Defendants filed their reply memorandum. This Court heard oral argument on January 16, 2008. After argument thereon, the Court scheduled an evidentiary hearing on the issue of whether the "next friends" had standing to prosecute the action. The evidentiary hearing was conducted on January 23 and 24, 2008. At the conclusion of the hearing, the Court gave the parties the opportunity to file legal memoranda[1] analyzing the evidence adduced at the evidentiary hearing and any arguments on the "12(b)(1) issues."

Consistent with the Court's Order, the Defendants filed their legal memorandum on the "Rule 12(b)(1)" issues on February 15, 2008. The only items that were appended to the Defendants' memorandum were the transcripts of the January 23 and 24, 2008 evidentiary hearing. The Plaintiffs' filed their memorandum on February 29, 2008;

---

[1] The Court repeatedly stated that "memoranda" were to be filed. *See* January 24, 2008 hearing, pp 16-17. The Court stated, "What's your pleasure from the state's point of view or Defendants' point of view in this case? How much time do you want to file additional *memoranda*?" The Court further stated "Well, this is being heard on the Defendants' Motion to dismiss, so I think it's your burden to proceed first and file *memoranda* opposing Plaintiffs' position on these various issues", "So Defendants will file their *memo* by February 15, 2008" and "So I will await those *memoranda*, and I will take under advisement what I call the 12(b)(1) issues in this case, and I will write an opinion." Emphasis Added.

5

PDF created with pdfFactory trial version www.pdffactory.com

however appended to it were eight (8) exhibits. Three of the exhibits (Exhibits 4, 5 and 8) are declarations submitted to support Plaintiffs' opposition to *Younger* abstention. The remaining exhibits are motions, orders, two complaints and deposition transcripts in other cases, many not even in this district. The submission of these exhibits is contrary to the Court's January 24, 2008 Order that expressly authorized the parties to file only legal *memoranda* addressing the "next friends" and "12(b)(1) issues." The Plaintiffs' never requested this Court's permission to file additional evidence.

Moreover, the Plaintiffs submission of the declarations (exhibits 4, 5 and 8) is not only procedurally inappropriate and without Court permission, but also contrary to this Court's ruling at the January 23, 2008 hearing. During the January 23, 2008 hearing, the Plaintiffs requested that they be permitted to submit declarations from Ms. Corbett and Ms. Azzi-Lessing or, in the alternative, the individuals be allowed to testify on the topic of alleged "systemic deficiencies. This Court permitted Plaintiff to question Ms. Azzi-Lessing but sustained objections when it became apparent that the testimony was outside the scope of the evidentiary hearing – which was limited to the appropriateness of the proposed "next friends." Based on the same grounds, Ms. Corbett was not permitted to testify. Despite this Court's ruling, Plaintiffs nevertheless submitted as Exhibits 4 (declaration of Patricia Corbett) and 8 (declaration of Lenette Azzi-Lessing, presumably[2] the very declarations this Court excluded at the January 23, 2008 hearing. By submitting the affidavits in conjunction with their supplemental memorandum Plaintiffs flagrantly disregard this Court's January 23, 2008 ruling and are attempting to deprive defendants

---

[2] The declarations of Ms. Corbett and Ms. Azzi-Lessing are dated January 23, 2008, the date of the evidentiary hearing.

6

PDF created with pdfFactory trial version www.pdffactory.com

of the right to cross examine or even question the factual assertions improperly made therein.

The declarations of Ms. Corbett, Ms. Azzi-Lessing and Rhode Island Child Advocate Alston[3] are also not germane to the matters pending before this Court. The declarations contain statements with regard to what the three individuals *perceive* to be the legal authority of the Rhode Island Family Court and/or the role of the Court Appointed Special Advocate. These declarations contain legal conclusory statements and are not validated by any certified Family Court decree or document. Further, the declarations contain no factual foundation to support how they apply to any individual named plaintiffs in this case. As such, this Honorable Court should decline to rely upon these declarations for purposes of the Defendants' motion to dismiss under Rule 12(b)(1) and strike them from the record.

The declarations of Ms. Corbett, Ms. Azzi-Lessing and Child Advocate Alston are also untimely. These declarations are being submitted in support of Plaintiffs' argument that *Younger* abstention is not appropriate in this case. If submitted at all, these declarations should have been filed in conjunction with Plaintiffs' opposition memorandum on November 2, 2007. If submitted at that appropriate time, Defendants would have been presented the opportunity to either depose Ms. Corbett, Ms. Azzi-Lessing and Child Advocate Alston or refute the allegations contained in their declarations. However, Plaintiffs did not submit the declarations in a timely fashion.

---

[3] It is worthy of note that in her declaration, Ms. Alston does not address any of the Family Court cases involving the ten (10) named plaintiffs. In particular, Ms. Alston does not address why her office chose not to intervene in the Family Court proceedings concerning the three children (Briana, Clare and Alexis H.) who were subsequently adopted through a petition filed in the Family Court despite her claims that the children's physical and emotional well being were in jeopardy.

7

Accordingly, the declarations are untimely and Plaintiffs have waived their opportunity to present such "evidence".

Lastly, the Defendants are troubled by the declaration of Child Advocate Alston executed on February 29, 2008. *See* Exhibit 5. In addition to attempting to submit additional evidence at an inappropriate time, Child Advocate Alston has taken on the role of a lay witness in her declaration. Such action is improper for a counsel of record and her declaration should be stricken. Additionally, Child Advocate Alston represents in her declaration that:

> "In my twenty-year experience as an attorney litigating in Rhode Island, I have had substantial experience appearing before the Rhode Island Family Court – as a private practitioner, as a Rhode Island Special Assistant Attorney General, and as the Cranston City Solicitor. I have represented parents, children involved in the juvenile justice system, and children in the foster care system in adoption, child custody and child welfare, termination of parental rights, and criminal defense proceedings in Family Court."

*See* ¶5 Alston Declaration, Exhibit 5. Ms. Alston served as an attorney with the Department of Attorney General from March 1993 to January 7, 2003. While Ms. Alston was an attorney with the Department of the Attorney General, she served in the Civil Division. In that capacity, Ms. Alston would have rarely, if at all, appeared before the Rhode Island Family Court and it would not have been in a capacity to "represent[] parents, children involved in the juvenile justice system, and children in the foster care system in adoption, child custody and child welfare, termination of parental rights, and criminal defense proceedings".

Based on the foregoing reasons, Defendants pray that this Motion is granted and the exhibits are stricken from the record.

8

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted
DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ James R. Lee

JAMES R. LEE (4305)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2314
Fax: (401) 222-2995
jlee@riag.ri.gov


/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov



On Behalf of PATRICIA MARTINEZ,
in her Official Capacity as Director of the
Department of Children, Youth and Families


/s/ Kevin Aucoin

KEVIN AUCOIN (3019)
Executive Counsel
R.I. Department of Children, Youth &
Families
101 Friendship Street
Providence, RI 02903
Tel: (401) 528-3579
Fax: (401) 525-3566
Kevin.Aucoin@dcyf.ri.gov

9

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 6th day of March 2008 to the attorney(s) of record listed below:

**John William Dineen, Esq.**
jwdineen1@yahoo.com

**Attorney Jametta O. Alston**
jalston@gw.doa.state.ri.us

**Attorney Susan Lambiase**
slambiase@childrensrights.org

**Vernon Winters, Esq.**
vern.winters@weil.com

**Attorney Marcia Robinson Lowry**
mlowry@childrensrights.org


        **/s/ Brenda D. Baum**

10

PDF created with pdfFactory trial version www.pdffactory.com