**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAM and TONY M., *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD L. CARCIERI, in his official capacity as Governor of the State of Rhode Island, *et al.*,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Class Action**<br>**Civil Action No. 1:07-cv-00241-L-LDA** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

In October 2007, Defendants filed a Motion to Dismiss on several grounds and in January 2008, after the matter was fully briefed by the parties, the Court heard oral argument. At oral argument, the Court ordered an evidentiary hearing regarding one issue in Defendants' motion—whether the Next Friends who have brought the case on behalf of the minor Named Plaintiffs are appropriate. At the conclusion of the subsequent evidentiary hearing, the Court ordered further briefing, not just on the issue for which the Court heard testimony, but on four distinct issues: the Next Friends' suitability to bring this action, the applicability of the *Younger* and *Rooker-Feldman* doctrines, and the authority of the Child Advocate to bring this case in federal court. The Court did not limit the parties to exhibits previously filed, nor did it prohibit the parties from filing exhibits in support of their further briefing. In fact, it appeared that the Court was allowing the parties to place before it what the parties deemed necessary to best argue their positions before the Court ruled on this dispositive motion. Plaintiffs have done that, as have Defendants.

Defendants, having absolutely no legal basis to do so, now take the incredible step of asking this Court not to consider exhibits properly placed before it by Plaintiffs in their supplemental briefing. Defendants complain that it would be unfair to consider Plaintiffs' exhibits given that Defendants only submitted the hearing transcript, but nothing prohibited Defendants from filing additional valid supporting exhibits with their brief. Defendants have had ample opportunity to argue the matter in whatever permissible manner they chose; here they chose not to submit any additional exhibits except the hearing transcript. As Defendants are asking this Court to take the drastic step of dismissing Plaintiffs' case in its entirety, and as Plaintiffs' submissions are wholly proper, this Court should deny Defendants' baseless motion to strike Plaintiffs' most recent set of exhibits.

## I. NOTHING IN THIS COURT'S REQUEST FOR SUPPLEMENTAL BRIEFING PROHIBITED THE PARTIES FROM SUBMITTING EXHIBITS

While the Defendants argue that this Court expressly requested only legal memoranda, and that the Court meant that no exhibits could be attached, it is clear that this is not at all the case. In fact, the Court specifically said, "I'll give both sides an opportunity to make a filing analyzing this evidence that I've taken *and any other issue relating to what I call the 12(b)(1) issues in this cas*e." (Hr'g Tr. at 15, Jan. 24, 2008 (emphasis added).) The Court defined the 12(b)(1) issues as: "the standing of the next friends, the authority of the child advocate to bring this suit, *Younger* abstention and the *Rooker-Feldman* doctrine. Those I see as the issues at the moment." (*Id.* at 15–16.)

One can also simply look at common briefing practice to recognize that when memoranda are filed, parties are of course free to file exhibits in support of their positions without expressly requesting permission to do so, as is Defendants' baseless implication

here. (Defs.' Mem. of Law in Supp. of Mot. to Strike Pls.' Exs. at 6 ("Defs.' Mem.").) There was no wholesale prohibition against filing exhibits here, as Defendants claim. In fact, the Court was clear that it wanted the parties to submit what they deemed relevant in order to have all the arguments before it before issuing its ruling. In the interest of fundamental fairness on a dispositive motion, both parties were free to file what they deemed relevant and admissible. Defendants chose to attach no exhibits other than the hearing transcripts (though they did attach hundreds of exhibits to their opening brief on their motion to dismiss). Their decision should not prejudice Plaintiffs' presentation of its positions.

## II. PLAINTIFFS' FILING OF THE DECLARATIONS OF AZZI-LESSING AND CORBETT DID NOT VIOLATE THIS COURT'S RULING

While indeed the Court did not permit Ms. Corbett to testify at the January hearing and only permitted limited testimony from Ms. Azzi-Lessing, the Court clearly stated that it was not permitting these witnesses to testify because it considered their testimony to be "irrelevant to this hearing. . . . We're dealing with a very limited issue." (Hr'g Tr. at 73–74, Jan 23, 2008.) As Defendants themselves concede, however, the Declarations of Ms. Azzi-Lessing and Ms. Corbett were submitted with Plaintiffs' Supplemental Memorandum in support of Plaintiffs' position on *Younger* abstention, not the adequacy of Next Friends. (Defs.' Mem. at 7.)

The fact that the Court did not permit the testimony of these two witnesses at the hearing on the Next Friends' adequacy has no relevance to whether Plaintiffs properly submitted these two Declarations in further support of their opposition to Defendants' Motion to Dismiss on *Younger* abstention grounds, one of the issues that the Court explicitly asked the parties to brief. (*See* Hr'g Tr. at 15–16, Jan 24, 2008.) The two

Declarations at issue here refute Defendants' unsupported assertions at oral argument that this case can be properly heard in the Named Plaintiffs' Family Court permanency reviews. The Declarations should be permitted.

## III. PLAINTIFFS' SUBMISSIONS WERE PROPERLY AND TIMELY FILED WITH SUPPLEMENTAL BRIEFING THAT WAS REQUESTED BY THE COURT AFTER THE EVIDENTIARY HEARING

In attaching exhibits to their supplemental memorandum of law, Plaintiffs followed standard motion practice. As stated above, there is no procedural rule that prevents Plaintiffs from attaching exhibits to the supplemental briefing that the Court requested. The only requirement under the Local Rules is that attachments be separately tabbed. (Local Rule Cv 7(d)(1).) Plaintiffs separately tabbed their exhibits. The only situation in which a party must seek court approval before attaching an exhibit to a motion is where the exhibit at issue exceeds page limits or otherwise does not comply with any page and format restrictions. (Local Rule Cv 7(d)(3)(A).) Plaintiffs' exhibits do not exceed page limits or otherwise depart from page and format restrictions. Accepting Plaintiffs' properly submitted exhibits would not unfairly prejudice Defendants, who have now had three opportunities to submit written materials in support of their motion to dismiss and, as noted above, have submitted hundreds of exhibits of their own.

## IV. THE CHILD ADVOCATE'S DECLARATION IS NOT IMPROPER

Finally, in addition to previously arguing that the Child Advocate is not permitted to bring cases in federal court, Defendants now submit that the Child Advocate should not be permitted be submit a Declaration in this case.[1] However, this is not the first time that a Court has been presented with a situation where counsel has factual information about a matter for which she or he is an advocate. The question is whether the advocate is going to be trial counsel *and* is a necessary witness at trial, which as a combination would be prohibited in most instances. *See Culebras Enterprises Corp. v. Rivera-Rios*, 846 F.2d 94, 98 (1st Cir. 1988); *State v. Usenia*, 599 A.2d 1026, 1030 (R.I. 1991). Since the issue for which the Child Advocate's Declaration was presented—*Younger* abstention—is a matter that will *not* be at issue at trial, the content of her Declaration does not make her a necessary witness at trial. Whether she will be trial counsel is a question that need not even be reached.[2]

*Culebras* construes Rule 3.7 of the ABA Model Rules, which is identical to Rhode Island Rule of Professional Conduct 3.7 on the same issue. In concluding that the attorneys in the case had not violated the rule, the court emphasized that "Rule 3.7 only prohibits an attorney from acting '*as advocate at a trial*' if he ought to be called as witness. [The attorneys] did not assume, and did not plan to assume, the role of 'advocate

---

[1] It should be noted that Defendants made no such argument regarding the Child Advocate's previous Declaration, submitted with Plaintiffs' Reply to Defendants' Objection to Plaintiffs' Motion for Class Certification on October 19, 2007 and Plaintiffs' Memorandum of Law in Objection to Defendants' Motion to Dismiss on November 2, 2007.

[2] Nonetheless, the Child Advocate is local counsel who brought in attorneys from the national organization Children's Rights and the law firm Weil, Gotshal & Manges LLP, all of whom are experienced trial litigators, so it can be presumed that local counsel will not be trial counsel.

at a trial' in the case." *Id.* at 98. In reaching this conclusion, the court relied on the comments to the model rule (which are identical to the comments to Rhode Island Rule 3.7) and on the purposes of the rule:

> That Rule 3.7 is limited to situations where the lawyer-witness acts as trial counsel is underscored by the purposes most often cited as being served by the general advocate-witness rule: Three of these are 1) the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility; 2) the unfair and difficult situation which arises when an opposing counsel has to cross-examine a lawyer-adversary and seek to impeach his credibility; and 3) the appearance of impropriety created, *i.e.*, the likely implication that the testifying lawyer may well be distorting the truth for the sake of his client. ABA background materials to Rule 3.7 conclude that the "most cogent rationale" for the rule is 1) the interest in protecting the integrity of the advocate's professional role by eliminating the opportunity of mixing law and fact, and 2) preventing a lawyer from injecting his or her personal belief as to the cause into the lawyer's argument to the jury.

*Id.* at 99–100. However, the court found that these concerns are "absent or, at least, greatly reduced, when the lawyer-witness does not act as trial counsel," even if the attorney performs "behind-the-scenes work" in the case. *Id.* at 100. The First Circuit found that even if the two attorneys in *Culebras* had testified at trial, they would not have violated rule 3.7, because their testimony would have made it clear that they were interested parties. *Id.* at 101.

In this case, there has been no request for a jury trial, there is no allegation that the Child Advocate is a necessary witness at trial, and it is not being represented that she will be trial counsel. Therefore, her Declaration is proper and should be accepted by this Court.

Defendants' further factual argument alleging that the Child Advocate made a factual error in her Declaration is both unsupported and not established by Defendants' own factual assertions, which were not made in the form of a proper declaration pursuant

to 28 U.S.C. § 1746(2). Even if the unsupported statements in Defendants' memorandum were taken as true, they would not negate the Child Advocate's statement that she has had substantial experience in Rhode Island Family Court. Defendants are yet again merely taking another potshot at the independent Office of the Child Advocate in their attempt to prejudice this Court. This Court should wholly reject that attempt.

Just as Defendants' Motion to Dismiss is unsupported by the law of this Circuit, so too is their gratuitous motion to strike Plaintiffs' exhibits. This Court should deny Defendants' motion in its entirety.

Dated: March 7, 2008

Respectfully submitted,

/s/ Susan Lambiase______________________
MARCIA ROBINSON LOWRY (Bar No. 1187053 (N.Y.); admitted *pro hac vice*)
SUSAN LAMBIASE (Bar No. 2099489 (N.Y.); admitted *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: mlowry@childrensrights.org, slambiase@childrensrights.org

/s/ Jametta O. Alston_____________________
JAMETTA O. ALSTON (Bar No. 3909)
RHODE ISLAND OFFICE OF THE CHILD ADVOCATE
John O. Pastore Center
Louis Pasteur Bldg., 4th Floor
57 Howard Avenue
Cranston, RI 02920
Phone: (401) 462-4300
Facsimile: (401) 462-4305
Email: jalston@gw.doa.state.ri.us

JOHN W. DINEEN (Bar No. 2346)
305 South Main Street
Providence, RI 02903
Phone: (401) 223-2397
Facsimile: (401) 223-2399
Email: jwdineen1@yahoo.com

VERNON M. WINTERS (Bar No. 130128 (Cal.); admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA
Phone: (650) 802-3005
Facsimile: (650) 802-3100
Email: vernon.winters@weil.com

**CERTIFICATION**

I hereby certify that on March 7, 2008, I electronically mailed the foregoing document to the attorneys of record listed below:

Brenda D. Baum, Esq.
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

James R. Lee, Esq.
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2314
Fax: (401) 222-2995
jlee@riag.ri.gov

Kevin Aucoin, Esq.
Executive Counsel
R.I. Department of Children, Youth & Families
101 Friendship Street
Providence, RI 02903-3716
Tel: (401) 528-3579
Fax: (401) 525-3566
Kevin.Aucoin@dcyf.ri.gov

Jane Morgan, Esq.
Assistant Director of Legal Services
R.I. Department of Elderly Affairs
Benjamin Rush Building
35 Howard Avenue
Cranston, RI 02920
Tel: (401) 462-0524
Fax: (401) 462-0503
jmorgan@dea.state.ri.us

/s/ Susan Lambiase______________________
SUSAN LAMBIASE (Bar No. 2099489 (N.Y.);
admitted *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, NY 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
Email: slambiase@childrensrights.org