UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CASSIE M., et al.                :
                                 :
      v.                         :     C.A. No. 07-241ML
                                 :
LINCOLN D. CHAFEE,               :
et al.                           :

**MEMORANDUM AND ORDER**

Pending before the Court for determination (28 U.S.C. § 636(b)(1)(A)) is Defendants' Motion for Protective Order regarding the scope of Plaintiffs' Rule 30(b)(6) deposition notice dated November 8, 2012. (Document No. 198). Plaintiffs oppose the Motion. (Document No. 219).

The Rule 30(b)(6) deposition notice in dispute seeks detailed information regarding foster care maintenance payments made pursuant to the Adoption Assistance Child Welfare Act of 1980 ("AACWA"), 42 U.S.C. §§ 670 et seq. Plaintiffs contend in this case that the State's child welfare system fails to make statutorily adequate payments for the care of foster children. (See Document No. 195, p. 8). In particular, Plaintiffs allege in their fourth cause of action brought under the AACWA that Defendants have violated "the right of each Plaintiff Child to foster care maintenance payments paid to the foster parents or foster care providers with whom the child is placed that cover the actual cost of (and the cost of providing) the Plaintiff Child's food, clothing, shelter, daily supervision, school supplies, reasonable travel to visitation with family, and other expenses." (Document No. 115, pp. 78-79).

For the reasons outlined in my December 17, 2012 decision on Defendant's Motion for Protective Order regarding the general scope and timing of fact discovery in this case (Document No. 230), I find that the information sought by Plaintiffs in this Rule 30(b)(6) deposition goes beyond the individual claims of the named Plaintiffs and inappropriately seeks information regarding maintenance payments for all foster care placements. For instance, paragraph 1 of the Rule 30(b)(6) notice seeks testimony on the payments made "to any foster care Placement, and the process used to determine" those payments. (Document No. 198-1, p. 4). Similarly, paragraph 8 seeks testimony, "[f]or children in the foster care custody of DCYF, [regarding] the actual costs and costs of providing" food, clothing, shelter and several other items identified in the AACWA, 42 U.S.C. § 675(4)(A). Id., p. 5. However, in her decision on Defendants' unsuccessful Motion to Dismiss, Chief Judge Lisi observed that the maintenance payment requirement of the AACWA "demonstrate[s] a focus on the specific needs of each child rather than a system-wide or aggregate focus." (Document No. 101, p. 52).

Defendants represent that they have provided documentary and other discovery regarding the maintenance payments made for the benefit of the named Plaintiffs and recently produced DCYF's Chief Financial Officer ("CFO") at a Rule 30(b)(6) deposition who testified as to "the purpose of the payments and provided a summary of foster care maintenance payments made that also contained the applicable foster care maintenance rates and the criteria used to increase or decrease the base rate." (Document No. 224, p. 1). Defendants also indicate that the CFO "explained that the amounts that are paid were dependent upon the type of placement and care the child was receiving at any given time" and described "[t]he criteria for establishing the rate for the particular child for foster care." Id., p. 2.

While Plaintiffs are entitled to discovery regarding their AACWA claim of inadequate maintenance payments,[1] the scope of their present Rule 30(b)(6) notice extends to all children in the foster care custody of DCYF and thus is simply too broad at this stage.  Accordingly, Defendants have shown good cause under Rule 26(c) for their request for a protective order postponing this noticed deposition until after the dispositive motions on the named Plaintiffs' substantive claims are determined by the Court, and such protective order is GRANTED.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 4, 2013

---

[1] Plaintiffs are entitled at this stage to discovery regarding the maintenance payments actually made on behalf of the named Plaintiffs, the purpose of such payments, and the methodology or criteria used to establish and review the level of such payments.  If Plaintiffs have not reasonably received such information through documentary discovery, the CFO's deposition or otherwise, they shall confer in good faith with Defendants regarding their needs and, after doing so, may serve a revised, more narrowly tailored Rule 30(b)(6) notice on Defendants regarding maintenance payments which is consistent with this Order.