UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CASSIE M., et al.            :
                             :
   v.                        :   C.A. No. 07-241ML
                             :
LINCOLN D. CHAFEE, et al.    :

**MEMORANDUM AND ORDER**

Pending before the Court for determination (28 U.S.C. § 636(b)(1)(A)) are Plaintiffs' Second Motion to Compel (Document No. 178), Defendants' First Motion to Compel (Document No. 182), Defendants' Second Motion to Compel as to each Named Plaintiff (Document Nos. 225-229), and Defendants' Third Motion to Compel as to each Named Plaintiff (Document Nos. 233-237).[1] These Motions are related in that they all involve discovery requests aimed at learning the facts and circumstances supporting the claims and defenses made in this case. After reviewing the briefs and materials submitted, these Motions are resolved as follows:

**A.     Document No. 178**

This dispute relates to discovery of the facts and circumstances supporting certain of Defendants' Affirmative Defenses. In their Answer to Plaintiffs' Second Amended Complaint, Defendants assert twenty-seven Affirmative Defenses. Plaintiffs subsequently served a set of Interrogatories on Defendants seeking the facts and circumstances supporting eleven of those Defenses (Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Thirteenth, Nineteenth and Twenty-fourth). After reviewing the Interrogatory Responses in dispute and the parties' arguments,

---

[1] On January 9, 2013, the Court issued a Discovery Management Order requiring the parties to confer in good faith in an effort to resolve or narrow the disputes presented in these and other pending discovery Motions. (Document No. 253). Although progress was reported on some of the other pending Motions, the parties reported that they were completely unable to resolve or narrow any of the issues raised in these twelve discovery Motions.

I conclude that Plaintiffs have not shown that Defendants' detailed Responses to these Interrogatories are deficient and thus Plaintiffs' Second Motion to Compel (Document No. 178) is DENIED subject to Defendants' duty to supplement their Responses if further responsive "facts or circumstances" supporting their Affirmative Defenses are uncovered. See Fed. R. Civ. P. 26(e)(1)(A).

### B.    Document No. 182

Defendants move to compel each Named Plaintiff to provide full and complete Answers to Interrogatories 6 and 9 of Defendants' First Set of Interrogatories. As to Interrogatory 6, Defendants seek more detail only as to paragraphs 109 through 116 of Plaintiffs' Responses. Interrogatory 6 asks each Named Plaintiff to "[i]dentify all witnesses, in relation to each cause of action of the Second Amended Complaint, who have knowledge of any of the facts and circumstances provided in response to Interrogatories Nos. 2 through 5 and state the specific information to which each witness can testify." Plaintiffs' Responses include broad descriptions of certain general categories of witnesses, such as "perpetrators of, witnesses to and reporters of abuse and/or neglect...experienced by the Named Plaintiff," which are followed by a list of individuals, who fall into each category, by name, and job title, occupation or relation to the Named Plaintiff. Plaintiffs' responses are deficient because they fail to state the "specific information to which each witness can testify." Accordingly, Defendants' Motion is GRANTED as to paragraphs 109 through 116 of Plaintiffs' Responses to Interrogatory 6. Within twenty-one days, Plaintiffs shall serve on Defendants supplemental answers to Interrogatory 6 which state the specific information about which each disclosed witness in paragraphs 109 through 116 can testify.

As to Interrogatory 9, it is a contention Interrogatory seeking information regarding Plaintiffs' claims that the violation of any rule, regulation, policy or statute caused or contributed to their allegations in the Second Amended Complaint. After reviewing the Interrogatory Responses in dispute and the parties' arguments, I conclude that Defendants have not shown that Plaintiffs' detailed responses to Interrogatory 9 (read in conjunction with the referenced portions of their responses to Interrogatory 2) are deficient in stating the facts and circumstances of Plaintiffs' statutory/regulatory claims. However, Defendants accurately point out that Plaintiffs failed to respond to the portion of Interrogatory 9 asking Plaintiffs to identify "the alleged resulting harm" from such claimed violations. Accordingly, Defendants' Motion is GRANTED in part solely as to the request in Interrogatory 9 to identify "the alleged resulting harm" and otherwise DENIED. Within twenty-one days, Plaintiffs shall serve on Defendants Supplemental Answers to Interrogatory 9 which identify "the alleged resulting harm" from the statutory/regulatory violations described in their current Answers to Interrogatory 9.

    **C.**    **Document Nos. 225-229**

Defendants' Motions are DENIED. The two Interrogatories in dispute seek discovery regarding any claimed "policy, pattern, practice or custom" that caused or contributed to Plaintiffs' claims. However, after serving these Interrogatories, Defendants sought and were successful in obtaining a Protective Order from the Court that limits discovery at this stage of the case to information relevant to the substantive claims of the individual Named Plaintiffs and Defendants' defenses to such claims. (See Document No. 230). Since Plaintiffs are effectively precluded from seeking policy or practice discovery from Defendants at this stage, it would be inequitable to compel them to provide more detailed responses at this time.

As to Interrogatory 9, it is a contention Interrogatory seeking information regarding Plaintiffs' claims that the violation of any rule, regulation, policy or statute caused or contributed to their allegations in the Second Amended Complaint. After reviewing the Interrogatory Responses in dispute and the parties' arguments, I conclude that Defendants have not shown that Plaintiffs' detailed responses to Interrogatory 9 (read in conjunction with the referenced portions of their responses to Interrogatory 2) are deficient in stating the facts and circumstances of Plaintiffs' statutory/regulatory claims. However, Defendants accurately point out that Plaintiffs failed to respond to the portion of Interrogatory 9 asking Plaintiffs to identify "the alleged resulting harm" from such claimed violations. Accordingly, Defendants' Motion is GRANTED in part solely as to the request in Interrogatory 9 to identify "the alleged resulting harm" and otherwise DENIED. Within twenty-one days, Plaintiffs shall serve on Defendants Supplemental Answers to Interrogatory 9 which identify "the alleged resulting harm" from the statutory/regulatory violations described in their current Answers to Interrogatory 9.

    **C.**    **Document Nos. 225-229**

Defendants' Motions are DENIED. The two Interrogatories in dispute seek discovery regarding any claimed "policy, pattern, practice or custom" that caused or contributed to Plaintiffs' claims. However, after serving these Interrogatories, Defendants sought and were successful in obtaining a Protective Order from the Court that limits discovery at this stage of the case to information relevant to the substantive claims of the individual Named Plaintiffs and Defendants' defenses to such claims. (See Document No. 230). Since Plaintiffs are effectively precluded from seeking policy or practice discovery from Defendants at this stage, it would be inequitable to compel them to provide more detailed responses at this time.

**D.     Document Nos. 233-237**

These Motions relate to four contention Interrogatories which ask each Named Plaintiff to state the "facts and circumstances" supporting each of the four causes of action asserted in the Second Amended Complaint. Plaintiffs responded to these Interrogatories with several Objections which are not well founded and are thus overruled. They also responded with 300 paragraphs of generalized facts and then approximately fifty paragraphs of facts as to each Named Plaintiff specific to his or her claims. After reviewing the Interrogatory Responses in dispute and the parties' arguments, I conclude that Defendants have not shown that Plaintiffs' detailed responses to these Interrogatories are deficient and thus Defendants' Motions to Compel (Document Nos. 233-237) are DENIED subject to Plaintiffs' duty to supplement their Responses if further responsive "facts or circumstances" are uncovered. See Fed. R. Civ. P. 26(e)(1)(A).

SO ORDERED

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 1, 2013