UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CASSIE M., et al.              :
                               :
        v.                     :   C.A. No. 07-241ML
                               :
LINCOLN D. CHAFEE,             :
et al.                         :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Plaintiffs' Fourth Motion to Compel Discovery. (Document No. 303). Defendants oppose the Motion. (Document No. 307). A telephonic hearing was held on May 10, 2013. For the following reasons, Plaintiffs' Fourth Motion to Compel Discovery is GRANTED.

On January 4, 2013, I granted Defendants' Motion for Protective Order regarding the scope of Plaintiffs' Rule 30(b)(6) deposition notice dated November 8, 2012 and regarding foster care maintenance payments made pursuant to the Adoption Assistance Child Welfare Act of 1980 ("AACWA"), 42 U.S.C. §§ 670 et seq. (Document No. 247). In a nutshell, I found that Plaintiffs' Rule 30(b)(6) deposition notice was overly broad as drafted but noted that "Plaintiffs are entitled at this stage to discovery regarding the maintenance payments actually made on behalf of the named Plaintiffs, the purpose of such payments, and the methodology or criteria used to establish and review the level of such payments." Id. at p. 3, n.1. Plaintiffs appealed my ruling, and Defendants did not. The appeal is pending before Chief Judge Lisi.

On January 9, 2013, Plaintiffs issued another Rule 30(b)(6) deposition notice to Defendants for a deponent to testify on the topics authorized in my ruling on the protective order. See

Document No. 303-3 at pp. 2-3.  In their opposition, Defendants describe Plaintiffs' Motion to Compel on this issue as "unwarranted and premature" because it was filed "before Defendants have even had the opportunity to schedule and conduct the deposition requested." (Document No. 307-1 at pp. 6-7).  They also assert that they are "in accord" with my prior ruling and "at no time have Defendants refused such a deposition, nor have Defendants refused discovery on the topic."  Id. at p. 2.  Accordingly, there would seem to be no actual dispute[1] regarding this aspect of discovery, and Plaintiffs' Motion is GRANTED.  Defendants shall designate their deponent(s) as required by Rule 30(b)(6) within seven days and cooperate with Plaintiffs to promptly schedule the deposition(s) given the impending close of discovery.

SO ORDERED

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 24, 2013

---

[1] In their opposition, Defendants argue that there is no legal requirement that a state develop or utilize a "methodology" to establish foster care maintenance payments.  (Document No. 307-1 at p. 1).  Plaintiffs dispute Defendants' position on this legal point, and I informed the parties during the telephonic hearing that I would not accept their invitation to weigh in on this legal issue in the context of a discovery motion.  Since the information sought by Plaintiffs reasonably appears relevant to a claim or defense in this case and Defendants have not shown any undue burden in providing a deponent(s) on the topic, see Fed. R. Civ. P. 26(b)(1) and (2), I see no reason at this stage to prevent the Rule 30(b)(6) deposition as presently noticed.